THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAHE JETT, Defendant-Appellant.
Fourth District   No. 4—90—0631

Opinion filed March 28, 1991.

94

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On August 30, 1990, the circuit court of Sangamon County dismissed the post-conviction petition of defendant Rahe Jett. Defendant now appeals, asserting this was error. We disagree and affirm.

On January 30, 1987, defendant entered a guilty plea to the offense of murder and received a 30-year prison sentence. On January 8, 1990, he filed a *pro se* motion to withdraw his guilty plea and vacate the judgment. On January 17, 1990, the court appointed counsel to represent defendant on the motion. The State filed a motion to dismiss the *pro se* motion, asserting more than 30 days had elapsed since the entry of the guilty plea.

On March 2, 1990, defendant filed a responsive pleading and requested that he be allowed to convert the *pro se* motion to withdraw into a petition for post-conviction relief. On April 26, 1990, the trial court converted the motion into a petition under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, pars. 122—1 through 122—8), and gave defendant 30 days to file any amendments. The court also gave the State 30 days to respond to any filing by defendant.

On May 11, 1990, defendant filed his post-conviction petition. On July 16, 1990, the State filed a motion to dismiss the petition. Following a hearing on August 3, 1990, the court granted the motion and dismissed the petition. This appeal followed.

Defendant first alleges that the order of the court dismissing the petition is null and void because the court did not follow the provisions of the Act.

██ █ The Act sets forth the procedure to be used in evaluating claims of defendants for post-conviction relief. First, the petition is docketed for the limited purpose of an examination by a judge who may, within 30 days, dismiss it as "frivolous" or "patently without merit" (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)(2)), in which case the order is appealable; or, the court may order the petition docketed for further consideration as provided for in the succeeding sections of the statute (*People v. Novak* (1990), 200 Ill. App. 3d 189, 190, 558 N.E.2d 644, 645). This initial examination must be made by the court *inops consilii*; that is, without input by the State or further pleadings from the petitioner. (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 447, 484 N.E.2d 555, 557.) This 30-day evaluation is mandatory, and the failure to dismiss a petition within that time period requires the court to proceed to the next step. *People v. Porter* (1988), 122 Ill. 2d 64, 86, 521 N.E.2d 1158, 1167; *People v. Bostic* (1988), 173 Ill. App. 3d 428, 430, 527 N.E.2d 1109, 1110.

It is only if the petition survives this initial examination that the State may file responsive pleadings within the confines of section 122—5 (Ill. Rev. Stat. 1989, ch. 38, par. 122—5). (*Novak*, 200 Ill. App. 3d at 190, 558 N.E.2d at 645.) A motion to dismiss filed by the State prior to the court having made the initial determination as to the petition's frivolousness is a nullity, and any order entered thereto has no effect. *Novak*, 200 Ill. App. 3d at 191, 558 N.E.2d at 645.

This is what defendant maintains happened. It is agreed by the parties that April 26, 1990, when the court converted the motion to dismiss into a post-conviction petition, is the proper starting point of our analysis. Defendant notes that the court at that time gave him 30 days to file any amendments and gave the State time from then to respond. He therefore argues that the court, in essence, is docketing the petition for further consideration, and the court must necessarily have skipped the independent analysis of the frivolousness of the petition. Accordingly, he maintains the ultimate order pursuant to the State's motion to dismiss is a nullity and has no impact.

██ Defendant's position would be well taken if the motion to dismiss had been filed within the 30-day period of review required by section 122—2.1. In *Porter*, the supreme court determined that this initial exam had to be completed within the 30-day period following filing of the petition. (*Porter*, 122 Ill. 2d at 85, 521 N.E.2d at 1166.) It further concluded that if the trial court did not enter the dismissal order

within this time period, the petition was to be docketed for further proceedings pursuant to the Act. (*Porter*, 122 Ill. 2d at 86, 521 N.E.2d at 1167.) Thus, if more than 30 days have elapsed since the petition's filing, the petition is to be treated as if the court had found it was not frivolous or patently without merit. This is what transpired in the present case.

■ The actual post-conviction petition was filed on May 11, 1990. This started the 30-day clock. On July 16, 1990, more than 60 days later, the State filed its motion to dismiss. Since more than 30 days had elapsed, this procedure comports with the Act and with *Porter*. We do not find that the fact the court, prior to filing of the petition, granted the State 30 days to respond to the petition affects this analysis. The important consideration is that the court had 30 days, without any other input, to review the petition. As long as there is no motion to dismiss or other pleading from the State within this 30-day window of opportunity, section 122—2.1 has been complied with. Here, the court could still have entered the order to dismiss the petition as frivolous within 30 days following May 11, 1990. It did not do so. Once those 30 days were up, the court lost the authority to do so, and the other provisions of the Act must be followed. Accordingly, we conclude there was no error with the procedure followed.

Defendant's other contention is that his post-conviction counsel was ineffective for failing to allege in his post-conviction petition that defendant's trial counsel was ineffective for failing to perfect his appeal.

■ The United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, formulated a two-part test for evaluating whether a claim of ineffective assistance of counsel rises to the level of a constitutional deprivation. Defendant must first demonstrate that counsel's performance was deficient. (*People v. Owens* (1989), 129 Ill. 2d 303, 309, 544 N.E.2d 276, 278, *cert. denied* (1990), 497 U.S. 1032, 111 L. Ed. 2d 802, 110 S. Ct. 3294.) Defendant must also prove that his counsel's deficient performance substantially prejudiced his defense. (*Owens*, 129 Ill. 2d at 309, 544 N.E.2d at 278.) To meet this second test, a defendant must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed 2d at 698, 104 S. Ct. at 2068.

Thus, to sustain his claim, defendant must show that post-conviction counsel was deficient for failing to raise trial counsel's alleged ineffectiveness and, if post-conviction counsel had raised it, the result on defendant's post-conviction petition would have been different. To meet this burden, defendant must establish that trial counsel's repre-

sentation was, in fact, ineffective. Therefore, it is necessary to examine trial counsel's conduct under the light of *Strickland.*

██ Defendant's complaint concerning his trial representation appears to center on the waiver of his right to file a motion to withdraw his guilty plea and his ability to perfect an appeal. He observes that the trial court, when admonishing him concerning his appeal rights pursuant to Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)), while properly explaining the need for the filing of a motion to withdraw his guilty plea, failed to mention that this motion must be filed within 30 days. He also observes the trial counsel did not file a motion to withdraw his guilty plea within the 30 days required by Rule 604(d) (134 Ill. 2d R. 604(d)). The failure to file such a motion within this time period waives not only the opportunity to do so, but also defendant's opportunity to appeal from the guilty plea. (See *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.) Accordingly, defendant maintains his right to seek to withdraw his plea and his right to appeal were waived through no fault of his own. This is the conduct which he believes resulted in ineffective representation. He maintains this ineffectiveness of trial counsel should have been obvious to his post-conviction counsel, who in turn was ineffective for failing to raise this in his post-conviction petition.

██ ■ For trial counsel to be ineffective for failing to file a Rule 604(d) motion, it must be shown that he was requested to do so. In *Wilk*, the court commented on the ability of defendants in post-conviction petitions to raise the issue of failure of trial counsel to file a Rule 604(d) motion. The court noted the *Strickland* test applied and stated:

> "The first prong, whether the attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, will require a minimal factual basis. The questions will be: Did the defendant communicate a desire to appeal? Was counsel appointed? Did counsel fail to follow Rule 604(d)?" (*Wilk*, 124 Ill. 2d at 108, 529 N.E.2d at 223.)

However, there is no indication anywhere in the record that defendant sought earlier to have his guilty plea withdrawn and so communicated to trial counsel. Nothing is contained in the post-conviction petition, nor in the *pro se* motion to withdraw his guilty plea, which suggests that defendant requested counsel to do so. This is particularly interesting in view of the fact that both documents assert that trial counsel is ineffective for other reasons. In fact, in his post-conviction petition, defendant explains that the reason he did not initiate an appeal or seek to change his plea earlier was due to the intimidating manner of the investigators which instilled a fear of the death penalty in defendant. Thus, defendant has failed to meet the first prong of the *Strickland*

test by failing to establish that trial counsel was deficient for not filing a Rule 604(d) motion.

Even if it could be concluded that trial counsel's performance was deficient because he should have filed this Rule 604(d) motion, either because he was asked or because the court's admonition was deficient, or because trial counsel should have warned defendant of this 30-day time period, it is still necessary that defendant establish that he suffered substantial prejudice by this failure. This he cannot do.

In his *pro se* motion to withdraw his guilty plea, defendant alleged that he was "misrepresented" by trial counsel and that he was intimidated by two detectives and a representative of the State's Attorney's office into pleading guilty. In his petition for post-conviction relief, he alleged he was denied effective assistance of counsel in that counsel failed to advise him of all the consequences of a guilty plea, that his plea was obtained through intimidation tactics by the prosecutor and investigators, and that he did not appeal or move to withdraw his plea within the time period allowed due to his fear of the death penalty which the investigators had instilled in him. After a hearing on the petition and a review of the guilty-plea transcript, the court found that defendant entered a knowing and understanding plea after being fully admonished. Thus, it is clear that the grounds which would have been asserted in a motion to withdraw a guilty plea were presented in the post-conviction petition, and the court found them meritless. As an aside, it is interesting that defendant does not now contest this ultimate conclusion by the court. Since the merits of defendant's complaint have ultimately been addressed and denied, it is difficult to see how defendant was prejudiced in the trial court by trial counsel's alleged failure to raise these arguments then. Thus, defendant is unable to establish that trial counsel's conduct satisfies either prong of *Strickland,* and his assertion that counsel was ineffective must fail. Since this assertion of trial counsel's ineffectiveness fails, it is readily apparent that post-conviction counsel is not ineffective, since he is not deficient for failing to raise trial counsel's asserted ineffectiveness. Even if he should have, there is no prejudice to defendant from his failure to do so.

For the above-mentioned reasons, the order of the circuit court of Sangamon County dismissing defendant's post-conviction petition is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.