THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK C. FERNANDEZ, Defendant-Appellant.
Second District   No. 2—89—0940

Opinion filed December 6, 1991.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, and Michael J. Pelletier, Marc Davidson, and James E. Chadd, all of State Appellate Defender's Office, of Chicago, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Frank Fernandez, defendant, appeals from the denial of his petition for post-conviction relief. The record reveals that Fernandez was charged with felony murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(3)), predicated on his acts as an accessory to a burglary and subsequent murder, where the victim was bludgeoned to death with a hatchet used by codefendant, Charles Wright. We affirm.

In 1986, Richard Berry served as court-appointed counsel for Fernandez, representing him in plea negotiations and in the sentencing hearing. After setting the sentence at 40 years' imprisonment, the judge admonished Fernandez according to the requirements set forth in Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)). (See also 134 Ill. 2d R. 604(d).) However, no further action was taken by Berry.

Consequently, on April 3, 1989, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*), challenging the circumstances surrounding his plea and sentence. On August 3, 1989, defendant filed an amended post-conviction petition with the aid of court-appointed counsel. The petition prayed that the conviction be vacated, that he be permitted to withdraw his plea, and that the cause proceed to trial. Alternatively, defendant prayed that defendant be afforded a new sentencing hearing. A hearing was held on defendant's petition, but all relief was denied. Consequently, the central issue in this appeal is whether the court erred in denying relief under defendant's post-conviction petition.

An action for post-conviction relief represents a collateral attack on a prior judgment. It is not an appeal from the underlying conviction and sentence. (*People v. Ruiz* (1989), 132 Ill. 2d 1, 9.) To be entitled to relief under the statute, the petitioner bears the burden of

proving a substantial deprivation of rights under the United States Constitution or the Illinois Constitution. (*People v. Del Vecchio* (1989), 129 Ill. 2d 265, 284.) However, the trial court's decision to grant or deny relief will not be disturbed on appeal unless manifestly erroneous. *Del Vecchio*, 129 Ill. 2d at 284.

██ The first issue Fernandez raises is that he was denied the effective assistance of counsel. He specifically alleges that Berry failed to file a motion to withdraw his guilty plea and initiate an appeal of the sentence, when he informed Berry that he expected an appeal to be taken on his behalf. The failure to file an appeal can constitute ineffective representation. (See *People v. Wilk* (1988), 124 Ill. 2d 93; *People v. Nicewanner* (1981), 93 Ill. App. 3d 1.) However, the petitioner must present adequate proof that he communicated such wishes to his attorney in the form of affidavits, records, or other evidence containing specific facts. (*People v. Williams* (1970), 47 Ill. 2d 239, 241; *People v. Jones* (1976), 36 Ill. App. 3d 315, 320-21.) The rationale for this rule is that once a defendant is convicted, his attorney's advice will, in retrospect, appear to be bad advice. As stated by the appellate court:

> "Hindsight is an incisive human faculty. Armed with it, a defendant can look back to the unpleasantness of his conviction and tell with precision what his counsel should have done prior to and during the trial. Our law, however, requires that a post-conviction petition contain more than a catalogue of failures on the part of counsel for the defense. It requires that the petition contain factual allegations which when supported by the evidence, will show substantial prejudice to the rights of the defendant and from which it can be established that the outcome of the trial, had those failures not occurred, would probably have been different." *People v. Browry* (1972), 8 Ill. App. 3d 599, 605.

The evidence offered by defendant to establish the requisite proof was the testimony of his mother, his court-appointed counsel, Richard Berry, and himself. Both Fernandez and his mother claim that they informed Berry that an appeal was to be taken, but Berry responded that any further relief would be "a long time down the road because of the climate, because of the politics of the time" and that "nothing is going to happen right now." However, Berry could not recall any such conversation with Fernandez or his mother, and his notes did not reflect any communication with them after the sentencing hearing. Furthermore, defendant indicated on cross-examination that he did not specifically inform Berry that he wished to appeal, but rather that

he was under the mistaken belief that Berry was making arrangements for an appeal with the appellate defender.

■ Nevertheless, defendant's petition alleged that the failure to file an appeal constituted ineffective assistance of counsel. Therefore, a two-part test must be met. First, defendant must show that counsel was deficient, which is judged by an objective standard of reasonableness. (*Strickland v. Washington* (1984), 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) Second, defendant must establish that the deficient performance prejudiced his defense to the extent that he was denied a fair trial. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525-26, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) This standard is met by showing that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

■ The trial judge determined that defendant was not denied the effective assistance of counsel, since he failed to prove that the result would have been different if Berry had filed an appeal. First, the judge found that defendant had no basis to withdraw his plea, because all of the proper admonishments were given. The judge even stressed the importance of the admonishments, stating "[i]t is not just a tiresome litany, it is specific questions addressed to the very issues he now raises that were put to him and that he consciously and understandingly answered." Having an opportunity to hear defendant testify, the court found no basis for permitting defendant to withdraw the plea. We agree.

Next, the judge found no basis for concluding that the sentence of 40 years' imprisonment was excessive. The sentencing judge properly considered factors such as defendant's prior criminal record, his age and maturity, background, and capacity for rehabilitation. However, the sentencing judge also characterized the crime as brutal and heinous and stated that he believed Fernandez posed a considerable danger to the public, because "his attitude was such that he was indifferent to the physical well being of others."

Although Fernandez did not inflict any of the fatal blows, the judge considered his conduct vital to the commission of the crime. He provided transportation to and from the scene, entered the premises knowing the purpose was to commit a burglary, knew his codefendant was armed, and assisted in moving the stolen property and in concealing the crime. He stated:

"[I]t appears that but for the fact that the Defendant had driven a separate car to the scene of the burglary there would

have been no way of having himself and the co-defendant exit the premises \*\*\*. Admittedly, the Defendant stated that he did not intend to commit a crime \*\*\*.

[However], [t]he Defendant was present at all times, aided and abetted the commission of the crimes, both burglary and murder[,] and subsequent to the commission of both crimes facilitated an escape of the co-defendant and himself."

■ Furthermore, defendant was present when the fatal blows were inflicted, and there is no evidence that Fernandez attempted to intervene. The offense of felony murder accompanied by brutal or heinous behavior carries a minimum penalty of 20 years and a maximum of natural-life imprisonment, or even death. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—8—1(a)(1), 9—1(b).) Considering all of these factors, we find that the sentence of 40 years' imprisonment was not excessive. Therefore, the court did not err in denying relief on the post-conviction petition, because defendant failed to meet his burden of proving he was denied the effective assistance of counsel.

■ Fernandez next contends that he did not voluntarily enter his plea, because Berry gave the impression that he would receive the minimum sentence of 20 years if he pleaded guilty. This court has discussed the law concerning the voluntariness of a plea, stating as follows:

"[A] guilty plea is not voluntary and intelligent if it is entered on the basis of a misapprehension of law or fact or a misrepresentation by defense counsel, the State's Attorney, or someone else in authority. [Citation.] Where any of these circumstances are found to exist, the plea may be withdrawn; however, the defendant bears the burden of demonstrating any alleged misunderstanding or misrepresentation. [Citations.] A misapprehension as to sentencing alternatives may render the guilty plea involuntary if the defendant was actually unaware of the possible punishment. [Citations.] However, where a defendant has been admonished thoroughly, a guilty plea is not revocable merely because the defendant subjectively believed that he or she would receive a certain sentence but did not. [Citation.] This is especially true where there is no reasonable justification for the defendant's mistaken subjective impression. [Citation.] In all instances, however, the decision whether to allow a defendant to withdraw his plea of guilty rests within the discretion of the trial court, and will not be disturbed on appeal unless there is an abuse of discretion." *People v. Kraus* (1984), 122 Ill. App. 3d 882, 888.

In this case, Fernandez testified that Berry "forced" him to plead guilty because he did not want the case to proceed to trial. He further testified that Berry assured him that he would receive a sentence of 20 years' imprisonment if he pleaded guilty. However, Berry stated that in his 20 years' experience as a criminal defense attorney, he has never assured or even speculated what a sentence might be, but that he advises defendants of the minimum and maximum penalties for the particular offense. He recalled that when Fernandez contacted him and related that he wanted to plead guilty, he informed defendant that his penalty could be anywhere from 20 years to death, but that the State would not seek the death penalty if he pleaded guilty. However, he denies that he "promised" Fernandez he would definitely receive 20 years. The testimony of Mrs. Fernandez corroborates that of Berry, in that she stated he informed her of the minimum and maximum penalties for her son's offense, and of a "possibility" that he could receive the minimum sentence of 20 years.

Furthermore, the record establishes that Fernandez was thoroughly admonished of his rights and of the consequences of entering his plea, including that by virtue of the plea, he "was leaving the sentence entirely up to the Court." He was advised of the possible sentences for felony murder, that he has a right to a jury trial, and that he could withdraw his plea any time before the court accepted it. Finally, the court carefully inquired whether defendant was entering the plea because he was threatened or because someone made representations as to what his sentence would be, to which he responded negatively.

In *People v. Dodd* (1972), 6 Ill. App. 3d 485, the appellate court dismissed a post-conviction petition based on substantially similar facts. The basis for this ruling was that the judge's admonishments unequivocally established that "defendant understood that any promise made to him by his counsel was not binding on the trial court and would be a worthless ground to rely upon in pleading guilty." (*Dodd*, 6 Ill. App. 3d at 486.) Similarly, the court refused to allow a defendant to withdraw his plea because his attorney "promised" a lesser sentence than he received in *People v. Robinson* (1987), 157 Ill. App. 3d 622. In discussing defendant's contention, the court stated:

> "[P]etitioner contends that his expectation of a light sentence was permissible in reliance on the alleged assurances of his counsel and clearly implies that the court's lengthy and exhaustive admonitions were merely a perfunctory or ritualistic formality not requiring his attention. This characterization of the

proceedings is unacceptable." *Robinson*, 157 Ill. App. 3d at 628.

■ Accordingly, the evidence in the present case supports the conclusion that defendant was under a subjective, mistaken belief that he would receive the minimum sentence of 20 years' imprisonment. Unfortunately, the mere belief or hope that a defendant will receive a shorter sentence by pleading guilty does not entitle him to relief when that expectation is disappointed. (*People v. Turner* (1982), 111 Ill. App. 3d 358, 371-72; *People v. Ring* (1978), 59 Ill. App. 3d 852, 853-54.) Instead, the defendant must prove that he entered the plea under a misapprehension of fact or law by showing "the circumstances as they existed at the time of the plea, judged by objective standards, reasonably justified his mistaken impression." *People v. Hale* (1980), 82 Ill. 2d 172, 176.

However, even if Berry did inform defendant that he expected his sentence to be 20 years, a guilty plea made in reliance of counsel's estimate of a sentence has been considered voluntary. (See *People v. Radunz* (1989), 180 Ill. App. 3d 734, 742; *Robinson*, 157 Ill. App. 3d at 629; *People v. Jones* (1985), 135 Ill. App. 3d 1023, 1033.) Under these circumstances, we find that Fernandez voluntarily entered his plea and that it was not the product of any misrepresentation which warrants relief under his post-conviction petition.

■ Lastly, Fernandez claims he was not advised at the time the court entered his sentence that a notice of appeal must be filed within 30 days or any claim of error is deemed waived. (134 Ill. 2d R. 605(b).) However, the record clearly indicates that the court carefully admonished Fernandez of his statutory and constitutional rights and explained those rights in language that was easy to understand. Furthermore, Fernandez testified at the hearing on his petition that he knew he had 30 days to withdraw his plea of guilty and file a notice of appeal. He stated as follows:

"Q. [Mr. White, for the State]: Now, did you know how many days you had in which to file that notice of appeal and withdraw the plea of guilty? How many days?
A. [Fernandez, defendant]: Thirty days.
Q. How did you know it was thirty days?
A. Because I understood what the Judge said."

Therefore, we find that the record illustrates defendant was adequately informed of his rights.

■ Finally, even if any of the above allegations were amply supported by the evidence, Fernandez is still not entitled to any relief on his petition. Post-conviction relief will be granted only when defend-

88

ant suffers prejudice by the denial of constitutional rights. (See *Wilk*, 124 Ill. 2d at 107.) As we stated in discussing the allegations of ineffective assistance of counsel, there was no abuse of discretion in rendering a sentence of 40 years' imprisonment, because all of the proper admonishments were given, and the sentencing judge considered the relevant aggravating and mitigating factors. Therefore, we find no basis for concluding that defendant is excessively incarcerated in violation of his constitutional rights.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

INGLIS and WOODWARD, JJ., concur.