NO. 4-94-0883

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,      )    Appeal from

          Plaintiff-Appellee,            )    Circuit Court of

          v.                             )    McLean County

ANTONIO HERNANDEZ,                       )    No. 93CF223

          Defendant-Appellant.           )

                                         )    Honorable

                                         )    Ronald C. Dozier,

                                         )    Judge Presiding.

_________________________________________________________________

          PRESIDING JUSTICE COOK delivered the opinion of the

 court:

          Defendant Antonio Hernandez filed a pro se petition for

post-conviction relief, alleging, inter alia, that he received

ineffective assistance of counsel because his counsel failed to

perfect an appeal.  The trial court dismissed defendant's peti-

tion as "patently without merit," pursuant to section 122-

2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS

5/122-2.1(a)(2) (West 1992)).  Defendant appeals, contending that

the trial court erred in summarily dismissing his petition.  We

reverse and remand for appointment of counsel who will amend the

post-conviction petition.

          In March 1994, following a bench trial, defendant was

found guilty of cannabis trafficking (720 ILCS 550/5.1 (West

1992)) and two lesser possession offenses that merged with the

trafficking charge.  Defendant was sentenced to seven years'

imprisonment.  No direct appeal was taken from defendant's

conviction and sentence.

          Prior to trial, retained defense counsel had filed

motions to suppress statements made by defendant and evidence

seized from defendant's car.  The trial court struck the motions

as untimely but stated it would consider the suppression issues

they raised when ruling on the admissibility of evidence at

trial.

          At trial, the State presented evidence that Officer

Jeffrey Wilson was on routine patrol when he decided to investi-

gate a car parked in the lot of a Super 8 Motel in McLean,

Illinois.  The car caught Wilson's attention because it was

painted in two different tones of gold and had Texas license

plates.  A license check revealed the car was registered to Juan

Hernandez of El Paso, Texas, and that the car had crossed the

United States-Mexico border the day before.  Wilson requested a

K-9 unit, and the dog alerted to the presence of drugs in the

car.  Wilson then sought consent to search the car.  Three

officers knocked on the door of a motel room registered under the

name Hernandez, and after a delay, defendant answered.  Although

defendant is a Mexican national with limited English abilities,

he was able to communicate his consent to a search of his room

and car.  The search of defendant's car revealed a possible

secret compartment.  The police asked permission to poke holes in

the car, and defendant again consented.  After two holes were

poked in the trunk area, more than 50 pounds of cannabis were

discovered in a secret compartment.  Defendant was arrested and

taken to a Bloomington police station.  There, with the aid of an

interpreter, defendant was advised of his Miranda rights and

interviewed.  Defendant stated that he was hired in Durango,

Mexico, by a man named Melon to drive a vehicle containing drugs

to Chicago.

          Defendant, through an interpreter, testified that the

police officers entered his motel room with guns drawn.  Defen-

dant did not consent to the search of the room or the car, and he

understood little of what the officers said.  Defendant stated he

had been hired by Melon to drive the car to Chicago, but he did

not know that the car contained cannabis.  Defendant introduced

the report of Dr. James Alstrum, an associate professor of

Spanish, who determined defendant had limited comprehension of

English.

          At trial, defendant's attorney did not renew his

objections to the evidence he had sought to suppress nor did the

trial court make any specific findings regarding the evidence's

admissibility.  The court did state in passing that it believed

defendant's consent was not necessary for a valid search of his

car.  After the court found defendant guilty, defense counsel

filed neither a post-trial motion nor a notice of appeal.  Of

course, defense counsel can hardly be expected to argue his own

incompetency.  People v. Ruiz, 132 Ill. 2d 1, 9, 547 N.E.2d 170,

173 (1989).

          In August 1994, defendant filed his pro se petition for

post-conviction relief and supporting affidavits.  Defendant

averred that he was never informed by his attorney of the nature

and meaning of his right to appeal.  Defendant further averred

that when he questioned the court interpreter about what the

judge had stated about an appeal, the interpreter stated, "that's

nothing, don't worry about that."  After being informed of his

right to appeal by a prison law library clerk, defendant obtained

the common law record of his case and learned no appeal had been

filed.

          Defendant's petition for post-conviction relief con-

tained general allegations that his counsel should have been more

diligent in his investigations, but the petition presented no

indication of what additional evidence would have been revealed

by a diligent investigation.  Defendant's present appeal focuses

on two specific allegations contained in his petition:  (1)

counsel had a duty to perfect an appeal, and (2) "[d]ue to

counsel's untimely filing of [defendant's] motions to suppress

evidence and statements, resulting in them being stricken,

counsel had a duty to preserve the issue of counsel's own negli-

gence in preparing and bringing forth said motions for review."

          In its order summarily dismissing the petition under

section 122-2.1(a) of the Act, the trial court stated that al-

though it struck defendant's suppression motions, it considered

the same issues raised in those motions when ruling on the

admissibility of evidence during the course of trial.  Because

the court resolved the issues against defendant, and because the

case was presented as a bench trial, the court stated no preju-

dice resulted from the untimely filing of the suppression mo-

tions.  Since the allegations of ineffective assistance of

counsel were baseless, there was equally no basis for finding

defense counsel failed to preserve his own errors for review. 

The court challenged defendant's allegations that he was not

informed of his appeal rights.  First, the court noted that the

court interpreter had served without complaint for a number of

years, and defendant suggested no motive why a respected inter-

preter would fail to translate the court's admonishments.  The

court stated it recalled giving the appeal admonishments at the

sentencing hearing and that the entire hearing was exceedingly

slow and careful to ensure defendant understood the proceeding. 

The court noted that defendant repeatedly maintained that his

comprehension of English was so minimal that he could not under-

stand things that were said or done in the search leading to his

arrest, the taking of statements, the trial, and giving of appeal

rights.  The court stated that defendant's degree of English

comprehension involved an issue of credibility which the court

resolved against defendant, based on testimony at trial and the

court's own observations of defendant.  However, the court stated

that the issues raised by defendant's petition were more appro-

priate for a direct appeal, and it urged this court to grant a

late appeal if defendant so desired.  Accordingly, the court

dismissed the petition as patently without merit.

          The Act provides a three-step process for adjudication

of petitions for post-conviction relief.  725 ILCS 5/122-1 et

seq. (West 1992).  The first step requires the trial court

consider the petition to determine whether it is frivolous or

patently without merit.  If it is, the petition is dismissed. 

725 ILCS 5/122-2.1(a)(2) (West 1992).  If the court determines at

this first stage that the petition is not frivolous or patently

without merit, then at the second stage the court may appoint

counsel to represent an indigent defendant, and counsel will have

the opportunity to amend the post-conviction petition.  The State

may then move to dismiss the petition.  The third and final stage

is an evidentiary hearing if the court has not dismissed the

petition on the State's motion.  People v. Lemons, 242 Ill. App.

3d 941, 944, 613 N.E.2d 1234, 1236 (1993). 

          This court has stated that in order to withstand

dismissal at the first stage of post-conviction proceedings, a

petition for post-conviction relief need only contain a simple

statement which presents the gist of a claim for relief, at least

in cases where nothing in the trial record contradicts that

claim.  People v. Dredge, 148 Ill. App. 3d 911, 913, 500 N.E.2d

445, 446 (1986).  We reasoned that requiring pro se petitioners,

who are often persons of limited education, to plead their claims

in detail would have the practical effect of depriving many

petitioners of their right to meaningful access to the courts. 

Dredge, 148 Ill. App. 3d at 913, 500 N.E.2d at 446-47.  In

practice, however, courts closely scrutinize post-conviction

petitions to determine whether they contain sufficient facts from

which the trial court could find a valid claim of deprivation of

a constitutional right.  See Lemons, 242 Ill. App. 3d at 946, 613

N.E.2d at 1237.  The trial court's decision to dismiss a petition

as frivolous or patently without merit will not be reversed

absent an abuse of discretion.  People v. Smith, 268 Ill. App. 3d

574, 577, 645 N.E.2d 313, 316 (1994).

          Defendant contends his petition contained the gist of a

claim of ineffective assistance of counsel because it alleged his

counsel failed to perfect an appeal.  The State responds that

this claim is insufficient where (1) defendant has not alleged

that he ever communicated to counsel a desire to appeal his

conviction, and (2) defendant cannot establish he was prejudiced

by the lack of an appeal.

          The failure to perfect an appeal can constitute inef-

fective assistance of counsel.  People v. Fernandez, 222 Ill.

App. 3d 80, 83, 583 N.E.2d 627, 629 (1991); People v. Wilk, 124

Ill. 2d 93, 108, 529 N.E.2d 218, 223 (1988).  In Wilk, the

supreme court stated that the two-pronged test of Strickland v.

Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052

(1984), would apply in post-conviction proceedings where a

defendant alleges that his attorney failed to file a post-judg-

ment motion or perfect an appeal.  Wilk, 124 Ill. 2d at 108, 529

N.E.2d at 223.  Under the two-pronged test, the defendant must

plead and prove that (1) his attorney's performance fell below an

objective standard of reasonableness, and (2) there is a reason-

able probability that defendant was prejudiced by the deficient

performance, i.e., "'but for counsel's unprofessional errors, the

result of the proceeding would have been different.'"  Wilk, 124

Ill. 2d at 108, 529 N.E.2d at 223-24, quoting Strickland, 446

U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.  Applying

the two-pronged test, Illinois courts have dismissed and denied

post-conviction petitions where the defendants did not establish

that they were prejudiced by counsel's failure to perfect an

appeal.  See, e.g., Fernandez, 222 Ill. App. 3d at 84, 583 N.E.2d

at 630; People v. Jett, 211 Ill. App. 3d 92, 98, 569 N.E.2d 1152,

1155-56 (1991).

          However, in response to the United States Supreme

Court's decisions in Evitts v. Lucey, 469 U.S. 387, 83 L. Ed. 2d

821, 105 S. Ct. 830 (1985), and Penson v. Ohio, 488 U.S. 75, 102

L. Ed. 2d 300, 109 S. Ct. 346 (1988), our supreme court held that

the prejudice prong of Strickland is inapplicable in cases where

a defendant is effectively denied appellate counsel.  People v.

Moore, 133 Ill. 2d 331, 339, 549 N.E.2d 1257, 1261 (1990).  "[A]

criminal defendant must at some point be afforded the equivalent

of direct review and an appellate advocate; a court cannot deny a

defendant an attorney-assisted appeal by examining the record and

determining that defendant would not have succeeded on appeal in

any event."  Moore, 133 Ill. 2d at 339, 549 N.E.2d at 1261. 

Where a post-conviction proceeding is utilized as a remedy for a

lost right of appeal, "no showing of prejudice is required where

counsel failed to perfect defendant's appeal.  Prejudice is

presumed."  Moore, 133 Ill. 2d at 339, 549 N.E.2d at 1261.  

          Relying on Moore, the second district recently held

that the trial court erred in dismissing a defendant's post-

conviction petition where the defendant had attached affidavits

stating he had requested that his attorney file a notice of

appeal, but his attorney failed to do so.  People v. Swanson, 276

Ill. App. 3d 130, 131, 657 N.E.2d 1169, 1170 (1995).  These

allegations were sufficient to raise a cognizable claim even

absent a showing of prejudice.  Swanson, 276 Ill. App. 3d at 132-

33, 657 N.E.2d at 1171.  The proper remedy was to allow defendant

to file a late notice of appeal.  Swanson, 276 Ill. App. 3d at

132, 657 N.E.2d at 1171; People v. Scott, 143 Ill. App. 3d 540,

542, 493 N.E.2d 27, 29 (1986); People v. Perez, 115 Ill. App. 3d

446, 451, 450 N.E.2d 870, 874 (1983).

          Here, defendant was not required to plead facts that

showed he was prejudiced by his lack of an appeal.  Nevertheless,

the mere allegation that counsel failed to perfect an appeal is

not enough.  Defendant must still satisfy the first prong of

Strickland, i.e., that counsel's performance in failing to

perfect an appeal was deficient.  In order to establish deficient

performance, defendant must allege that he communicated to

counsel a desire to appeal (see People v. Franzen, 251 Ill. App.

3d 813, 821-22, 622 N.E.2d 877, 885 (1993); Jett, 211 Ill. App.

3d at 97, 569 N.E.2d at 1155), or at least satisfactorily explain

why he did not request an appeal earlier.

          Defendant has offered an explanation:  because of his

limited English abilities, he was unable to comprehend the trial

court's admonishments regarding his appeal rights, and neither

his counsel nor the court interpreter ever explained his appeal

rights.  Thus, defendant's post-conviction petition contains, on

its face, the gist of a meritorious claim for relief.

          We therefore hold the trial court erred in summarily

dismissing defendant's petition.  Under like circumstances, the

Swanson court remanded the case to allow the defendant to file a

late post-judgment motion, and to appeal from an adverse ruling

on any post-judgment motion filed.  Swanson, 276 Ill. App. 3d at

133, 657 N.E.2d at 1171.  We believe that this procedure

impermissibly skips the mandatory second and third steps of the

post-conviction process.  On remand, defendant can proceed to

step two:  counsel should be appointed to represent defendant and

counsel should be afforded an opportunity to amend the post-

conviction petition.  After the State has been given an opportu-

nity to respond, the trial court may conduct an evidentiary

hearing (step three of the process).  At the hearing, the parties

may present evidence regarding why no direct appeal was taken. 

If the evidence establishes that defendant was denied a desired

appeal through no fault of his own, then the trial court shall

grant defendant any appropriate post-conviction relief, including

permission to file a late notice of appeal.

          We note that the trial court urged this court to grant

a late appeal.  This court is without authority to do so.  Under

certain circumstances, this court may grant leave to file a late

appeal, but only if a motion is filed with this court within six

months of the expiration of the time for filing the notice of

appeal.  See 134 Ill. 2d R. 606(c).  Where a defendant has timely

invoked his appellate rights, only to have his appeal dismissed

through no fault of his own, this court has the power to later

reinstate the appeal.  Moore, 133 Ill. 2d at 339-40, 549 N.E.2d

at 1261.  More than six months have passed since the expiration

of the time for filing a notice of appeal, and defendant never

invoked his appellate rights.  Post-conviction relief is now

defendant's only avenue to appeal.

          Reversed and remanded.

          GARMAN and KNECHT, JJ., concur.