THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTHUR L. SMITH, Defendant-Appellant.

First District (2nd Division)   No. 1—92—4384

Opinion filed December 13, 1994.

575

David S. Morris, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Kenneth McCurry, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:
Following a bench trial, defendant Arthur Smith was found guilty of aggravated criminal sexual assault, criminal sexual assault, and robbery. This court affirmed his conviction on appeal. Defendant filed a *pro se* petition for post-conviction relief; the circuit court dismissed the petition, finding it to be without merit. Defendant appeals that dismissal, raising the issue of whether the court erred in dismissing his post-conviction petition.

In February 1987, defendant was charged with criminal sexual assault, aggravated criminal sexual assault, and robbery, for acts alleged to have occurred in January 1987. The circuit court held a pretrial hearing to determine the admissibility of DNA testing and granted defendant's motion to allow DNA testing in the case. Subsequent to the pretrial motion, defendant's expert, Dr. Charles M. Strom, informed defendant that there was not sufficient human male DNA from the vaginal swab obtained in the case to run a standard DNA analysis, but that a corporation in California might be able to conduct another type of DNA testing. Defendant nonetheless offered no further evidence of DNA testing.

In June 1989, a bench trial commenced on the above charges. The identity of the perpetrator was the central issue. Briefly, the victim testified that as she walked along a street one evening, a man accosted her, forced her into an alley, and raped and robbed her. The circuit court found defendant guilty of aggravated criminal sexual assault, criminal sexual assault, and robbery.

On July 26, 1989, the assistant public defender who represented defendant during the trial filed a motion for a new trial. The following day, defendant filed a *pro se* motion for a new trial, arguing that trial counsel failed to adequately present Dr. Strom's findings to the court. The circuit court concluded that since Dr. Strom's findings were inconclusive, it would have been of no use to call him as a witness. The court denied defendant's post-trial motions. On August 22, 1989, defendant filed a second *pro se* motion for a new trial, which the court also denied.

At some point after being charged, defendant's request to view certain police reports under the Freedom of Information Act (Ill. Rev. Stat. 1987, ch. 116, par. 201 *et seq.* (now 5 ILCS 140/1 *et seq.* (West 1992))) was denied. In August 1989, defendant had his trial attorney subpoena the Chicago police department, commanding them to produce any reports submitted by Officers Carroll and Bell. Almost one year later, defendant sent a letter to the police department, inquiring if they had produced the requested reports. The police department sent a note to defendant advising him that the records were sent to defendant's trial counsel on August 29, 1989.

On October 14, 1989, the circuit court sentenced defendant to 40 years for the aggravated criminal sexual assault and 7 years for the robbery conviction, to be served concurrently.

Defendant appealed his convictions, challenging the sufficiency of the evidence, the legality of his arrest, and the propriety of his sentences. This court affirmed the decision of the circuit court. *People v. Smith* (1991), 215 Ill. App. 3d 1029, 576 N.E.2d 186.

On February 25, 1992, defendant filed a *pro se* petition for postconviction relief, citing numerous errors by trial and appellate counsel, and alleging that he was denied effective assistance of counsel. On March 6, 1992, the circuit court dismissed defendant's post-conviction petition, finding it to be without merit. This court allowed defendant's late notice of appeal.

Defendant argues that the circuit court erred in dismissing his post-conviction petition pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1 (now 725 ILCS 5/122—2.1 (West 1992))). Defendant claims that he received ineffective assistance of counsel at trial, during post-trial motions, and on appeal.

■ The Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 (now 725 ILCS 5/122—1 (West 1992))) provides a remedy to criminal defendants who claim that substantial violations of constitutional rights occurred in their trial. (*People v. Owens* (1989), 129 Ill. 2d 303, 307, 544 N.E.2d 276.) A post-conviction proceeding is not an appeal *per se*, but a collateral attack upon a final judgment. (*Owens*, 129 Ill. 2d at 308.) A defendant is entitled to an evidentiary hearing for his post-conviction petition only when he makes a substantial showing that his constitutional rights were violated and the record or accompanying affidavits support the allegations in the petition. (*Owens*, 129 Ill. 2d at 308.) The circuit court may summarily dismiss the petition if it is deemed "frivolous" or "patently without merit." (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a)(2) (now 725 ILCS 5/122—2.1(a)(2) (West 1992)).) This decision will not be reversed absent an abuse of discretion. *People v. Dean* (1992), 226 Ill. App. 3d 465, 467, 589 N.E.2d 888.

■ Ineffective assistance of counsel is established by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694-95, 104 S. Ct. at 2065.

Defendant first contends that his attorney concealed from him reports prepared by Officers Carroll and Bell.[1] These reports allegedly contained the victim's description of the offender and were vital

---

[1]Defendant fails to support this contention in his brief with any citation of authority, contrary to Supreme Court Rule 341(e)(7). (134 Ill. 2d R.

to his defense. At oral argument, the State responded that trial counsel is not required to hand over all documents to defendant; this aspect of the representation is a tactical decision which is beyond the scope of review; defendant could show no prejudice resulting from this concealment; and allowing defendant a hearing on this issue would open up every post-conviction petition to conjecture.

We will initially discuss the following two issues *sua sponte*: whether defendant waived this issue and whether this allegation in the petition is adequately supported by the evidence.

■ The scope of post-conviction review is limited to issues which have not been, and could not have been, previously adjudicated. (*Owens*, 129 Ill. 2d at 308.) Rulings on issues that were previously raised at trial and on direct appeal are *res judicata*, and issues that could have been raised in the original proceedings, but were not, will be deemed waived. (*People v. Enoch* (1991), 146 Ill. 2d 44, 50, 585 N.E.2d 115.) Courts allow post-conviction petitions where resolution of the issues requires an inquiry into matters outside of the common law record. *People v. Thomas* (1967), 38 Ill. 2d 321, 231 N.E.2d 436; *People v. Nix* (1986), 150 Ill. App. 3d 48, 501 N.E.2d 825.

■ Here, defendant's claim of concealment by trial counsel requires an inquiry into the dealings, or lack thereof, between trial counsel and defendant, matters outside of the common law record. Accordingly, this particular claim of ineffective assistance of trial counsel has not been waived.

■ Defendant is not entitled to an evidentiary hearing on his post-conviction claim of ineffective assistance of counsel unless he supports his assertion with affidavits, records, or other evidence containing specific facts. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2 (now 725 ILCS 5/122—2 (West 1992)); *Dean*, 226 Ill. App. 3d at 469.) In *People v. Collins* (1968), 39 Ill. 2d 286, 235 N.E.2d 570, defendant's post-conviction petition alleged that the State knowingly suppressed vital evidence concerning the medical examination of the complaining witness. The court affirmed the order dismissing the petition because defendant's allegation was unsupported by affidavit or other proof outside of his conclusional statement. *Collins*, 39 Ill. 2d at 289.

Here, unlike *Collins*, defendant supports his allegation of concealment by his attorney with three items of evidence: a subpoena to the police department commanding them to produce any reports

341(e)(7).) This court may, however, in the exercise of its responsibility for a just result, ignore considerations of waiver and decide a case on grounds even though they have not been properly argued by a party. *Anderson v. Smith* (1980), 91 Ill. App. 3d 938, 415 N.E.2d 643.

submitted by Officers Carroll and Bell, a letter by defendant to the police department asking if they produced the requested reports, and a note by Officer Howell advising defendant that the reports were already sent to his attorney. Defendant does not provide any affidavit for the allegation that his attorney actually concealed the police reports or that the reports contained vital information; however, this omission is not fatal. The concealment by defendant's trial counsel, or alternatively, her failure to show these reports to defendant, is a fair inference from the evidence adduced by defendant. Given the *pro se* petition, it would be unduly harsh to require defendant to aver in an affidavit precisely that which he has stated in his verified petition—that trial counsel concealed these reports. Finally, where the petition alleges that defendant's trial counsel wrongfully deprived him of the opportunity to view potentially exculpatory police reports, defendant should not be penalized for failing to provide evidence of the contents of the reports. Under these circumstances, the petition is adequately supported by evidence.

The sixth amendment requires that defense counsel keep defendant informed of developments in the case and consult with him on all major decisions to be made. *United States ex rel. Partee v. Lane* (7th Cir. 1991), 926 F.2d 694, 701; *cf.* 134 Ill. 2d R. 1.4(a) ("A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information").

In this case, defendant's initial request to view these police reports was denied, and he had his attorney subpoena them. The police informed defendant that these reports were sent to his attorney one week after the subpoena was sent; defendant never received these reports. In this particular situation, where defense counsel knew that his client was anxious to view the police reports, counsel's failure to provide defendant with the reports was unreasonable conduct by an attorney. This was not a tactical decision within the attorney's discretion. Until the reports by Officers Carroll and Bell are examined, however, it is unknown whether there is a reasonable probability that, but for the concealment, the result of the trial would have been different. Although the victim positively identified defendant as the assailant, it is unclear how a trier of fact would have weighed the report if the victim's description in the report does not match defendant.

The State's suggestion that allowing defendant a hearing on this question would open all post-conviction petitions to conjecture is without merit. Section 122—2 of the Act provides an adequate safeguard by requiring allegations to be supported by affidavits, records, or other evidence. The evidence attached to defendant's peti-

tion here shows that his claim is not based on conjecture, but is sufficiently grounded on facts in the record.

Because the resolution of this ineffective assistance of counsel claim requires an inquiry into matters outside of the record, defendant's petition requires a hearing. The circuit court abused its discretion in dismissing defendant's post-conviction petition.

■ Defendant also contends that trial counsel's failure to submit DNA evidence for further testing constituted ineffective assistance of counsel. The State replies that defendant waived this issue by failing to include it in his post-conviction petition, there is nothing supporting defendant's allegation that trial counsel did not pursue further DNA testing, and there is no evidence that further testing would have produced favorable results for defendant.

Defendant's failure to raise this claim of ineffective assistance of trial counsel can result in waiver on post-conviction review. (*Enoch*, 146 Ill. 2d at 50.) The allegation that appellate counsel failed to raise this ineffective assistance claim is not waived because this alleged error was not a matter of record. (*People v. Mendez* (1991), 221 Ill. App. 3d 868, 873, 582 N.E.2d 1265.) In order to demonstrate that appellate counsel was ineffective, the *Strickland* test must be met. *People v. Caballero* (1989), 126 Ill. 2d 248, 269-70, 533 N.E.2d 1089.

"Any claim of substantial denial of constitutional rights not raised in the original or an amended [post-conviction] petition is waived." (Ill. Rev. Stat. 1987, ch. 38, par. 122—3 (now 725 ILCS 5/122—3 (West 1992)).) In reviewing the dismissal of a petition, the appellate court must look to allegations contained in the petition, construed liberally in favor of petitioner, and as set forth in light of the record and transcript. (*People v. Redmond* (1986), 146 Ill. App. 3d 259, 262, 496 N.E.2d 1041.) *Pro se* petitions also require a more liberal reading than is applied to formal pleadings prepared by counsel. (See *People v. Shiro* (1972), 52 Ill. 2d 279, 287 N.E.2d 708: *Webb v. Lane* (1991), 222 Ill. App. 3d 322, 583 N.E.2d 677.) The waiver rule in section 122—3 of the Act will be relaxed only where fundamental fairness demands it. *People v. French* (1970), 46 Ill. 2d 104, 108, 262 N.E.2d 901.

Defendant's unartful post-conviction petition does little more than provide a verbatim recital of the proceedings in the circuit court. It does allege, however, that trial counsel was ineffective for failing to bring to the attention of the court the results of the DNA test. Here the petition, liberally read, alleges that trial counsel was ineffective for failing to provide adequate DNA test results to the attention of the circuit court.

■ We next address the State's claim that there is no evidence that defense counsel did not pursue further DNA testing.

The absence of affidavits is not necessarily fatal to a petition for post-conviction relief; however, the allegations must stand uncontradicted and be clearly supported by the record. (*People v. McGinnis* (1977), 51 Ill. App. 3d 273, 275, 366 N.E.2d 969.) Defendant points out that the record is devoid of any court order allowing the release of any portion of the vaginal swab to a second laboratory. There is a court order permitting Dr. Strom to remove one-third of the vaginal swab for DNA testing, however. Regularity of procedure in the circuit court would suggest that a court order or off-record discussion of the testing methods would exist if further testing had been done. No flaw is found in this allegation that further testing was not performed, standing, as it does, uncontradicted and supported by the record.

■ The State's final contention is there is no evidence that further testing would have produced favorable results for defendant. Although the State does not question whether defendant satisfied the first prong in *Strickland*, this point will be examined briefly.

Reasonable investigation by trial counsel is a prerequisite to effective representation. (*Montgomery v. Petersen* (7th Cir. 1988), 846 F.2d 407, 412; *Sullivan v. Fairman* (7th Cir. 1987), 819 F.2d 1382, 1391-92.) Illinois courts have held, however, that when the State presents a DNA expert at trial, defense counsel is not ineffective for failing to challenge that testimony with its own expert, as long as counsel made timely objections and vigorously cross-examined the State's expert. See *People v. Mehlberg* (1993), 249 Ill. App. 3d 499, 546, 618 N.E.2d 1168; *People v. Miles* (1991), 217 Ill. App. 3d 393, 405-06, 577 N.E.2d 477.

Here, defendant does not say that his attorney should have produced an expert at trial, but instead suggests that she should have investigated alternative DNA testing methods available in California. Trial counsel did not adequately investigate alternative DNA testing centers which were known to her and which may have exonerated defendant.

Finally, requiring this *pro se* defendant, incarcerated in a penitentiary, to arrange for DNA testing on the State's evidence prior to filing his post-conviction petition would create an insurmountable burden. The more appropriate course of action is to remand this case to the circuit court so that counsel may be appointed to assist defendant in this endeavor. Ill. Rev. Stat. 1987, ch. 38, par. 122—4 (now 725 ILCS 5/122—4 (West 1992)); 134 Ill. 2d R. 651(c); *People v. Treadway* (1993), 245 Ill. App. 3d 1023, 1026-27, 615 N.E.2d 887.

In light of our disposition of this appeal, other points raised by

defendant need not be considered. For the reasons set forth above, we reverse and remand.

Reversed and remanded.

SCARIANO and McCORMICK, JJ., concur.