THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTONIO HERNANDEZ, Defendant-Appellant.

Fourth District No. 4—94—0883

Opinion filed September 5, 1996.—Rehearing denied October 3, 1996.

Daniel D. Yuhas and Elizabeth D. Caddick, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles. G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Defendant Antonio Hernandez filed a *pro se* petition for post-conviction relief, alleging, *inter alia*, that he received ineffective assistance of counsel because his counsel failed to perfect an appeal. The trial court dismissed defendant's petition as "patently without merit," pursuant to section 122—2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—2.1(a)(2) (West 1992)). Defendant appeals, contending that the trial court erred in summarily dismissing his petition. We reverse and remand for appointment of counsel who will amend the post-conviction petition.

In March 1994, following a bench trial, defendant was found

guilty of cannabis trafficking (720 ILCS 550/5.1 (West 1992)) and two lesser possession offenses that merged with the trafficking charge. Defendant was sentenced to seven years' imprisonment. No direct appeal was taken from defendant's conviction and sentence.

Prior to trial, retained defense counsel had filed motions to suppress statements made by defendant and evidence seized from defendant's car. The trial court struck the motions as untimely but stated it would consider the suppression issues they raised when ruling on the admissibility of evidence at trial.

At trial, the State presented evidence that Officer Jeffrey Wilson was on routine patrol when he decided to investigate a car parked in the lot of a Super 8 Motel in McLean, Illinois. The car caught Wilson's attention because it was painted in two different tones of gold and had Texas license plates. A license check revealed the car was registered to Juan Hernandez of El Paso, Texas, and that the car had crossed the United States-Mexico border the day before. Wilson requested a K-9 unit, and the dog alerted to the presence of drugs in the car. Wilson then sought consent to search the car. Three officers knocked on the door of a motel room registered under the name Hernandez, and after a delay, defendant answered. Although defendant is a Mexican national with limited English abilities, he was able to communicate his consent to a search of his room and car. The search of defendant's car revealed a possible secret compartment. The police asked permission to poke holes in the car, and defendant again consented. After two holes were poked in the trunk area, more than 50 pounds of cannabis were discovered in a secret compartment. Defendant was arrested and taken to a Bloomington police station. There, with the aid of an interpreter, defendant was advised of his *Miranda* rights and interviewed. Defendant stated that he was hired in Durango, Mexico, by a man named Melon to drive a vehicle containing drugs to Chicago.

Defendant, through an interpreter, testified that the police officers entered his motel room with guns drawn. Defendant did not consent to the search of the room or the car, and he understood little of what the officers said. Defendant stated he had been hired by Melon to drive the car to Chicago, but he did not know that the car contained cannabis. Defendant introduced the report of Dr. James Alstrum, an associate professor of Spanish, who determined defendant had limited comprehension of English.

At trial, defendant's attorney did not renew his objections to the evidence he had sought to suppress nor did the trial court make any specific findings regarding the evidence's admissibility. The court did state in passing that it believed defendant's consent was not neces-

sary for a valid search of his car. After the court found defendant guilty, defense counsel filed neither a post-trial motion nor a notice of appeal. Of course, defense counsel can hardly be expected to argue his own incompetency. *People v. Ruiz*, 132 Ill. 2d 1, 9, 547 N.E.2d 170, 173 (1989).

In August 1994, defendant filed his *pro se* petition for post-conviction relief and supporting affidavits. Defendant averred that he was never informed by his attorney of the nature and meaning of his right to appeal. Defendant further averred that when he questioned the court interpreter about what the judge had stated about an appeal, the interpreter stated, "that's nothing, don't worry about that." After being informed of his right to appeal by a prison law library clerk, defendant obtained the common law record of his case and learned no appeal had been filed.

Defendant's petition for post-conviction relief contained general allegations that his counsel should have been more diligent in his investigations, but the petition presented no indication of what additional evidence would have been revealed by a diligent investigation. Defendant's present appeal focuses on two specific allegations contained in his petition: (1) counsel had a duty to perfect an appeal, and (2) "[d]ue to counsel's untimely filing of [defendant's] motions to suppress evidence and statements, resulting in them being stricken, counsel had a duty to preserve the issue of counsel's own negligence in preparing and bringing forth said motions for review."

In its order summarily dismissing the petition under section 122—2.1(a) of the Act, the trial court stated that although it struck defendant's suppression motions, it considered the same issues raised in those motions when ruling on the admissibility of evidence during the course of trial. Because the court resolved the issues against defendant, and because the case was presented as a bench trial, the court stated no prejudice resulted from the untimely filing of the suppression motions. Since the allegations of ineffective assistance of counsel were baseless, there was equally no basis for finding defense counsel failed to preserve his own errors for review. The court challenged defendant's allegations that he was not informed of his appeal rights. First, the court noted that the court interpreter had served without complaint for a number of years, and defendant suggested no motive why a respected interpreter would fail to translate the court's admonishments. The court stated it recalled giving the appeal admonishments at the sentencing hearing and that the entire hearing was exceedingly slow and careful to ensure defendant understood the proceeding. The court noted that defendant repeatedly maintained that his comprehension of English was so minimal that he

could not understand things that were said or done in the search leading to his arrest, the taking of statements, the trial, and giving of appeal rights. The court stated that defendant's degree of English comprehension involved an issue of credibility which the court resolved against defendant, based on testimony at trial and the court's own observations of defendant. However, the court stated that the issues raised by defendant's petition were more appropriate for a direct appeal, and it urged this court to grant a late appeal if defendant so desired. Accordingly, the court dismissed the petition as patently without merit.

■ The Act provides a three-step process for adjudication of petitions for post-conviction relief. 725 ILCS 5/122—1 *et seq.* (West 1992). The first step requires the trial court consider the petition to determine whether it is frivolous or patently without merit. If it is, the petition is dismissed. 725 ILCS 5/122—2.1(a)(2) (West 1992). If the court determines at this first stage that the petition is not frivolous or patently without merit, then at the second stage the court may appoint counsel to represent an indigent defendant, and counsel will have the opportunity to amend the post-conviction petition. The State may then move to dismiss the petition. The third and final stage is an evidentiary hearing if the court has not dismissed the petition on the State's motion. *People v. Lemons*, 242 Ill. App. 3d 941, 944, 613 N.E.2d 1234, 1236 (1993).

■ This court has stated that in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief, at least in cases where nothing in the trial record contradicts that claim. *People v. Dredge*, 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, 446 (1986). We reasoned that requiring *pro se* petitioners, who are often persons of limited education, to plead their claims in detail would have the practical effect of depriving many petitioners of their right to meaningful access to the courts. *Dredge*, 148 Ill. App. 3d at 913, 500 N.E.2d at 446-47. In practice, however, courts closely scrutinize post-conviction petitions to determine whether they contain sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right. See *Lemons*, 242 Ill. App. 3d at 946, 613 N.E.2d at 1237. The trial court's decision to dismiss a petition as frivolous or patently without merit will not be reversed absent an abuse of discretion. *People v. Smith*, 268 Ill. App. 3d 574, 577, 645 N.E.2d 313, 316 (1994).

Defendant contends his petition contained the gist of a claim of ineffective assistance of counsel because it alleged his counsel failed to perfect an appeal. The State responds that this claim is insuf-

ficient where (1) defendant has not alleged that he ever communicated to counsel a desire to appeal his conviction, and (2) defendant cannot establish he was prejudiced by the lack of an appeal.

■ The failure to perfect an appeal can constitute ineffective assistance of counsel. *People v. Fernandez*, 222 Ill. App. 3d 80, 83, 583 N.E.2d 627, 629 (1991); *People v. Wilk*, 124 Ill. 2d 93, 108, 529 N.E.2d 218, 223 (1988). In *Wilk*, the supreme court stated that the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), would apply in post-conviction proceedings where a defendant alleges that his attorney failed to file a post-judgment motion or perfect an appeal. *Wilk*, 124 Ill. 2d at 108, 529 N.E.2d at 223. Under the two-pronged test, the defendant must plead and prove that (1) his attorney's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that defendant was prejudiced by the deficient performance, *i.e.,* " 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Wilk*, 124 Ill. 2d at 108, 529 N.E.2d at 223-24, quoting *Strickland*, 446 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. Applying the two-pronged test, Illinois courts have dismissed and denied post-conviction petitions where the defendants did not establish that they were prejudiced by counsel's failure to perfect an appeal. See, *e.g., Fernandez*, 222 Ill. App. 3d at 84, 583 N.E.2d at 630; *People v. Jett*, 211 Ill. App. 3d 92, 98, 569 N.E.2d 1152, 1155-56 (1991).

However, in response to the United States Supreme Court's decisions in *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985), and *Penson v. Ohio*, 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988), our supreme court held that the prejudice prong of *Strickland* is inapplicable in cases where a defendant is effectively denied appellate counsel. *People v. Moore*, 133 Ill. 2d 331, 339, 549 N.E.2d 1257, 1261 (1990). "[A] criminal defendant must at some point be afforded the equivalent of direct review and an appellate advocate; a court cannot deny a defendant an attorney-assisted appeal by examining the record and determining that defendant would not have succeeded on appeal in any event." *Moore*, 133 Ill. 2d at 339, 549 N.E.2d at 1261. Where a post-conviction proceeding is utilized as a remedy for a lost right of appeal, "no showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed." *Moore*, 133 Ill. 2d at 339, 549 N.E.2d at 1261.

Relying on *Moore*, the second district recently held that the trial court erred in dismissing a defendant's post-conviction petition where the defendant had attached affidavits stating he had requested that his attorney file a notice of appeal, but his attorney failed to do so.

*People v. Swanson*, 276 Ill. App. 3d 130, 131, 657 N.E.2d 1169, 1170 (1995). These allegations were sufficient to raise a cognizable claim even absent a showing of prejudice. *Swanson*, 276 Ill. App. 3d at 132-33, 657 N.E.2d at 1171. The proper remedy was to allow defendant to file a late notice of appeal. *Swanson*, 276 Ill. App. 3d at 132, 657 N.E.2d at 1171; *People v. Scott*, 143 Ill. App. 3d 540, 542, 493 N.E.2d 27, 29 (1986); *People v. Perez*, 115 Ill. App. 3d 446, 451, 450 N.E.2d 870, 874 (1983).

Here, defendant was not required to plead facts that showed he was prejudiced by his lack of an appeal. Nevertheless, the mere allegation that counsel failed to perfect an appeal is not enough. Defendant must still satisfy the first prong of *Strickland, i.e.,* that counsel's performance in failing to perfect an appeal was deficient. In order to establish deficient performance, defendant must allege that he communicated to counsel a desire to appeal (see *People v. Franzen*, 251 Ill. App. 3d 813, 821-22, 622 N.E.2d 877, 885 (1993); *Jett*, 211 Ill. App. 3d at 97, 569 N.E.2d at 1155), or at least satisfactorily explain why he did not request an appeal earlier.

■ Defendant has offered an explanation: because of his limited English abilities, he was unable to comprehend the trial court's admonishments regarding his appeal rights, and neither his counsel nor the court interpreter ever explained his appeal rights. Thus, defendant's post-conviction petition contains, on its face, the gist of a meritorious claim for relief.

We therefore hold the trial court erred in summarily dismissing defendant's petition. Under like circumstances, the *Swanson* court remanded the case to allow the defendant to file a late post-judgment motion, and to appeal from an adverse ruling on any post-judgment motion filed. *Swanson*, 276 Ill. App. 3d at 133, 657 N.E.2d at 1171. We believe that this procedure impermissibly skips the mandatory second and third steps of the post-conviction process. On remand, defendant can proceed to step two: counsel should be appointed to represent defendant and counsel should be afforded an opportunity to amend the post-conviction petition. After the State has been given an opportunity to respond, the trial court may conduct an evidentiary hearing (step three of the process). At the hearing, the parties may present evidence regarding why no direct appeal was taken. If the evidence establishes that defendant was denied a desired appeal through no fault of his own, then the trial court shall grant defendant any appropriate post-conviction relief, including permission to file a late notice of appeal.

■ We note that the trial court urged this court to grant a late appeal. This court is without authority to do so. Under certain cir-

cumstances, this court may grant leave to file a late appeal, but only if a motion is filed with this court within six months of the expiration of the time for filing the notice of appeal. See 134 Ill. 2d R. 606(c). Where a defendant has timely invoked his appellate rights, only to have his appeal dismissed through no fault of his own, this court has the power to later reinstate the appeal. *Moore*, 133 Ill. 2d at 339-40, 549 N.E.2d at 1261. More than six months have passed since the expiration of the time for filing a notice of appeal, and defendant never invoked his appellate rights. Post-conviction relief is now defendant's only avenue to appeal.

Reversed and remanded.

GARMAN and KNECHT, JJ., concur.