FOURTH DIVISION
 March 20, 1997



 







No. 1-95-1710


THE PEOPLE OF THE STATE OF ILLINOIS, ) APPEAL FROM THE
 ) CIRCUIT COURT OF
 Respondent-Appellee, ) COOK COUNTY
 )
 v. ) 
 )
DANIEL COLE, ) HONORABLE
 ) FRED G. SURIA, JR.,
 Petitioner-Appellant. ) JUDGE PRESIDING.


 JUSTICE McNAMARA delivered the opinion of the court:
 
 Defendant Daniel Cole appeals from an order of the circuit
court of Cook County dismissing his petition for post-conviction
relief as patently without merit.
 On October 1, 1991, defendant withdrew his plea of not
guilty and pled guilty to first-degree murder. He was sentenced
to a term of 22 years. Prior to accepting his guilty plea, the
trial court admonished defendant in detail of his rights and the
consequences of changing his plea. Included were the admonition
as to defendant's right to appeal and the fact that the plea
agreement called for a prison sentence of 22 years.
 The State presented a factual basis for the plea by way of a
stipulation. At approximately 2 a.m. on May 29, 1990, Fatima
Lindsey was with her boyfriend, Marvin Ousley. Ousley played a
game of dice with defendant, and the two men became engaged in an
argument over money. Defendant produced a shotgun and shot
Ousley once in the stomach. Ousley was taken to a hospital and
was pronounced dead. Neither a motion to withdraw the guilty
plea nor a notice of appeal was ever filed.
 On April 27, 1993, defendant filed a pro se petition for
post-conviction relief pursuant to the Post-Conviction Hearing
Act (the Act) (725 ILCS 5/122-1 et seq. (West 1992)). He alleged
that he was denied the effective assistance of counsel. 
Defendant stated (l) that he had asked defense counsel to
withdraw the guilty plea but that counsel failed to do so, and
(2) that he had been misled by his counsel, believing that there
had been an undisclosed promise of a 12-year term of
imprisonment, not a 22-year term. Both allegations were
supported by his own affidavit and the affidavit of his
grandmother. The trial court granted the State's motion to
dismiss the petition as being patently without merit.
 On appeal, defendant contends that the trial court erred in
dismissing his post-conviction petition where he was effectively
denied the right to appeal. We agree.
 We deem it necessary to consider only defendant's claim that
his counsel failed to withdraw his guilty plea or file a notice
of appeal despite defendant's request that it be done.
 To sustain a claim of ineffective counsel, the court must
find two components: deficiency and prejudice. Strickland v.
Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052
(1984).
No showing of prejudice, as mandated by Strickland, is required
where counsel failed to perfect defendant's appeal. In such
cases, prejudice is presumed. People v. Moore, 133 Ill. 2d 331,
549 N.E.2d 1257 (1990); People v. Hernandez, 283 Ill. App. 3d
312, 669 N.E.2d 1326 (1996). Defendant must still satisfy the
first prong of Strickland, that counsel's performance in failing
to perfect an appeal was deficient. To establish that, defendant
must allege that he communicated to counsel a desire to appeal. 
People v. Hernandez, 283 Ill. App. 3d 312, 669 N.E.2d 1326. 
This, defendant has done.
 Defendant stated in his petition that after being misled by
counsel, he was not satisfied and wanted to appeal. Defendant
further claimed that he received assurances from counsel that he
would file a timely notice of appeal or a motion to vacate the
plea. Defendant's grandmother's affidavit averred that she was
present when counsel gave these assurances. After an extended
period of time, defendant contacted the appellate court and
learned that no appeal had ever been filed on his behalf. We
believe that defendant made a substantial showing of a
constitutional deprivation of the effective assistance of counsel
and that the trial court erred in dismissing his petition without
an evidentiary hearing.
 In People v. Swanson, 276 Ill. App. 3d 130, 657 N.E.2d 1169
(1995), this court held that the trial court erred in dismissing
defendant's post-conviction petition where the defendant had
attached affidavits stating he had requested that his attorney
file a notice of appeal, but that his attorney failed to do so.
 In so holding, Swanson, 276 Ill. App. 3d at 132-33, 657
N.E.2d at 1171, quoted from People v. Moore, 133 Ill. 2d at 339,
549 N.E.2d at 1261: 
 "`[A] criminal defendant must at some 
 point be afforded the equivalent of direct
 review and an appellate advocate; a court
 cannot deny a defendant an attorney-assisted
 appeal by examining the record and deter-
 mining that defendant would not have 
 succeeded on appeal in any event. [Citation.]
 Strickland *** cannot be applied where a
 defendant is effectively denied appellate
 counsel; in such an instance prejudice is
 presumed to have resulted. [Citation.]
 Although a post-conviction proceeding
 can, and should, be utilized in certain
 circumstances as a remedy for a lost right
 of appeal, where it is used, no showing of 
 prejudice is required where counsel failed 
 to perfect defendant's appeal. Prejudice 
 is presumed.'"
Accordingly, we find that the trial court erred in dismissing
defendant's petition without conducting a hearing.
 For the foregoing reasons, the order is reversed, and the
matter is remanded with directions to conduct a hearing to
determine the truth or falsity of defendant's affidavits and
possible further proceedings.
 Reversed and remanded.
 WOLFSON, P.J., and CERDA, J., concur.