THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JETHRO BATES, Defendant-Appellant.

First District (3rd Division)   No. 1—00—1472

Opinion filed August 15, 2001.

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago, and Josette Skelnik, of Law Offices of Josette Skelnik, of Elgin, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Karin V. Pettit, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

Following a bench trial, defendant Jethro Bates was convicted of first degree murder and sentenced to a 32-year prison term. We affirmed defendant's conviction and sentence on direct appeal. *People v. Bates*, 1—94—3720 (1996) (unpublished order pursuant to Supreme Court Rule 23). Defendant subsequently filed a timely *pro se* postconviction petition. The trial court granted the State's motion to dismiss defendant's petition. Defendant appeals, contending the trial court erred in dismissing his petition. We reverse and remand for an evidentiary hearing on the allegations raised in defendant's petition.

FACTS

Defendant was convicted and sentenced for shooting and killing Kevin Tarver. Though defendant claimed he shot Tarver in self-defense after Tarver threatened him with a gun, the State's witness denied ever seeing a gun in Tarver's hand. According to this witness, defendant and Tarver were having an argument when defendant pulled out a gun and shot Tarver.

In his *pro se* petition for postconviction relief, defendant alleged ineffective assistance of counsel due, in part, to his attorney's failure to subpoena Willie Sims as a witness. According to defendant's peti-

tion, Sims "made the phone call to the police and observed the victim's body" and "would have testified as to the weapon or what he saw."

The trial court appointed counsel to represent defendant on his postconviction petition pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). The State filed a motion to dismiss defendant's petition, arguing his failure to attach an affidavit from Sims was fatal to his petition.

Defense counsel filed a motion for continuance asking the court to allow her additional time to amend the *pro se* petition. The motion says:

> "Willie Sims is an unbiased witness who could exonerates [*sic*] Petitioner by corroborating Petitioner's self-defense. *** The police reports *** indicated that Willie Sims informed police that he saw a gun lying on the ground next to the deceased's hand when Sims arrived on the scene. Sims also informed the police that an unknown male took the gun prior to the police arriving."

Counsel concludes that the "deficiencies" in defendant's *pro se* petition could be overcome by an affidavit from Sims.

The trial court granted defendant's motion for continuance. However, defense counsel never filed an amended petition. At the hearing on the motion to dismiss, counsel said:

> "We have not been able to locate Mr. Sims and we do believe that had we located him that Mr. Bates would have had a meritorious claim but without locating this witness we really can't proceed. We've made all diligent efforts to locate him."

The trial court dismissed the petition.

## DECISION

Defendant contends he was entitled to an evidentiary hearing on his petition. According to defendant, the issue is not whether Sims is available to testify now—the issue is whether Sims was available to testify at trial but did not do so because defense counsel did not call him as a witness.

●1 "The Illinois Post-Conviction Hearing Act [(Act) (725 ILCS 5/122—1 *et seq.* (West 1998))] provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Coleman*, 183 Ill. 2d 366, 378-79, 701 N.E.2d 1063 (1998). The Act provides a three-step process for adjudication of postconviction petitions. *People v. Hernandez*, 283 Ill. App. 3d 312, 316, 669 N.E.2d 1326 (1996). First, within 90 days of the date the petition is filed, the trial court may summarily dismiss the petition if it finds it to be frivolous

or patently without merit. *Hernandez*, 283 Ill. App. 3d at 316. If the petition survives this first level of review, the State is required to answer the petition or file a motion to dismiss. 725 ILCS 5/122—5 (West 1998). Finally, if the court does not dismiss the petition on the State's motion, an evidentiary hearing will be held. *Hernandez*, 283 Ill. App. 3d at 316.

A defendant is not entitled to a postconviction evidentiary hearing unless he has made a substantial showing of a violation of a constitutional right and his allegations are supported by the record or by affidavits. *People v. Almodovar*, 235 Ill. App. 3d 144, 149, 601 N.E.2d 853 (1992). The dismissal of a petition without an evidentiary hearing is reviewed *de novo. Coleman*, 183 Ill. 2d at 389.

●2 In order "[t]o prevail on a claim of ineffective assistance of counsel a defendant must show that counsel's representation fell below an objective standard of reasonableness *** and that the substandard representation so prejudiced the defendant as to deny him a fair trial." *People v. Palmer*, 162 Ill. 2d 465, 475, 643 N.E.2d 797 (1994). There is a strong presumption that the defendant's representation fell within a wide range of reasonable professional assistance, and that the challenged conduct might be considered sound trial strategy under the circumstances. *People v. Giles*, 209 Ill. App. 3d 265, 269, 568 N.E.2d 116 (1991). In order to overcome these presumptions, the defendant must show that the outcome would have been different had it not been for counsel's ineffective representation. *Giles*, 209 Ill. App. 3d at 269.

●3 In this case, we find defendant was entitled to an evidentiary hearing. We reject the State's argument that because defendant's *pro se* petition alleged his trial attorney failed to *subpoena* Sims, defendant waived the issue of ineffective assistance based on trial counsel's failure to *call* Sims as a witness. A *pro se* petition is to be construed liberally (*People v. Smith*, 268 Ill. App. 3d 574, 580, 645 N.E.2d 313 (1994)), and we find defendant's allegations were sufficient to preserve this issue for appeal. Defendant's petition, read liberally, alleges trial counsel was ineffective for failing to have Sims testify on defendant's behalf. We will not hold defendant to an understanding of the procedural difference between failing to subpoena a witness and failing to call a witness to testify.

We also reject the State's contention that defendant's allegations are unsupported. Though defendant did not attach an affidavit from Sims to his petition, the motion for continuance filed by his attorney says the police reports indicated "Willie Sims informed police that he saw a gun lying on the ground next to the deceased's hand when Sims arrived on the scene. Sims also informed the police that an unknown male took the gun prior to the police arriving." The State never

contested these statements. See *Smith*, 268 Ill. App. 3d at 581 (failure to attach affidavits not necessarily fatal to petition for postconviction relief where allegations stand uncontradicted and are supported by the record).

At the hearing on the motion to dismiss, defense counsel told the court she had not been able to locate Sims. She seemed to believe Sims' unavailability hampered her ability to proceed with defendant's ineffective assistance claims. However, the ineffective assistance allegations raised in defendant's petition were based on Sims' availability at the time of trial, not at the time of the postconviction proceedings. While there is some suggestion trial counsel could not locate Sims during the trial, the record before us does not provide us with any definitive answer as to why counsel failed to call Sims as a witness.

While we make no comment on defendant's ability to prove his ineffective assistance claim, we find his petition and the evidence in the record sufficient to warrant an evidentiary hearing. The reference to the police reports shows Sims could have been an important witness for defendant. The reference also provides a specific factual basis for defendant's allegations and shows the claims raised in the petition were not mere conjecture. See *Smith*, 268 Ill. App. 3d at 580. An evidentiary hearing should have been held to determine why Sims was not called to testify on defendant's behalf.

Accordingly, the order of the circuit court is reversed and this cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

CERDA and BURKE, JJ., concur.