NOS. 5-05-0461 & 5-05-0620 (cons.)

NOTICE

Decision filed 11/05/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
                                              ) Circuit Court of
     Plaintiff-Appellee,                 ) St. Clair County.
                                              )
v.                                           ) No. 99-CF-995
                                              )
COREY JOHNSON,                 ) Honorable
                                              ) Annette A. Eckert,
     Defendant-Appellant.        ) Judge, presiding.
_____

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Corey Johnson, appeals the first-stage dismissal of his postconviction petition as frivolous and patently without merit. The postconviction court dismissed the petition on the ground that all the issues raised therein were barred by either *res judicata* or waiver. On appeal, the defendant contends that (1) his claims were not waived for a failure to raise them on direct appeal because he alleged that he had received the ineffective assistance of appellate counsel and (2) his petition stated the gist of a constitutional claim, which is all that is needed to survive a first-stage dismissal. We reverse and remand.

In January 2003, the defendant was tried on two counts of first-degree murder (720 ILCS 5/9-1(a) (West 1998)) in the 1999 shooting deaths of Charles Evans and Jeremiah Scott. The defendant, who was 16 years old at the time of the shootings, was tried as an adult. The prosecution's theory was that the defendant shot Evans and Scott during an attempted carjacking. Prior to the trial, the defendant told police that he had shot Evans and Scott in self-defense after they kidnaped him. Specifically, he told police that he was hiding in some bushes from a man who had accused him of breaking into the man's car, when a gold

1

Acura drove up. A man got out of the Acura and pulled him into the back seat of the car. He shot the driver through the front seat and then struggled with the passenger for the gun and shot him too. At the trial, however, the defendant changed his story. He testified that he got into the car to show Evans and Scott where to buy crack cocaine. He further testified that, instead of following his directions, they told him they wanted to buy the crack in St. Louis and then began driving toward St. Louis, at which point he began to fear for his life. His testimony regarding the shootings and struggle for the gun was consistent with his statements to police regarding these events, except that he testified at the trial that at least one shot was fired when the gun went off during the struggle with the passenger over the gun and that he was not sure who fired that shot.

The jury found the defendant guilty on both counts. In April 2003, the court sentenced him to natural life in prison. On direct appeal, the defendant raised only one issue. He contended that trial counsel was ineffective for failing to request a jury instruction on involuntary manslaughter. This court rejected his contention and affirmed the defendant's conviction on September 8, 2004. *People v. Johnson*, No. 5-03-0296 (2004) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)).

On January 28, 2005, the defendant filed a *pro se* petition for relief from judgment (735 ILCS 5/2-1401 (West 2004)), which the court dismissed *sua sponte* on June 23, 2005. On July 21, 2005, the defendant filed an appeal of that ruling.

On the same day, he filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). In it, he raised the following 11 claims of error:

1. The trial court "failed to establish procedural jurisdiction" by failing to allege that the defendant was a minor when the crime was committed.

2. "Any and all" statutes providing that a 16-year-old defendant may be tried

as an adult for first-degree murder are unconstitutional in that they impermissibly increase the penalties for that crime over those which could be imposed in juvenile court.

3. The proportionate penalties clause of the Illinois Constitution is being violated because there is a harsher penalty for first-degree murder than involuntary manslaughter, while the only difference between the two crimes is the element of intent.

4. The defendant was tried for charges upon which he was not indicted because the jury was instructed that it could find him guilty of second-degree murder.

5. Trial counsel was ineffective for failing to call Detective Desmond Williams to testify, and appellate counsel was ineffective for failing to raise this issue on appeal. Detective Williams's grand jury testimony that a bullet hole was found in the driver's seat of the Acura supported the defendant's testimony that he shot the driver through the front seat and conflicted with the testimony of other officers that no bullet holes or casings were found inside the car.

6. The trial court's denial of the defendant's motion to suppress his statements to the police was inconsistent with the evidence presented, and both trial and appellate counsel were ineffective for failing to challenge the ruling.

7. Trial counsel was ineffective for failing to allege in the defendant's motion for a new trial that the State knowingly used the false testimony of police officers, and appellate counsel was ineffective for failing to raise this issue on direct appeal. The defendant points to inconsistencies in the officers' testimony to support his allegation that the testimony was false.

8. The defendant was denied a fair trial when the State presented false testimony and made eight improper remarks during closing arguments. Trial counsel

was ineffective for failing to object, and appellate counsel was ineffective for failing to raise the issue on direct appeal. (We note that, as the State points out in this appeal, the defendant's petition does not specify which testimony was false or which witness testified falsely. It is not clear whether this allegation refers to the testimony of the police officers that the defendant challenged in the previous allegation of error.)

9. The trial court abused its discretion by allowing Detective Brian Lammers to testify about a photograph that showed that there were no bushes in the vicinity where the defendant initially claimed that he was kidnaped while hiding in bushes. Trial counsel was ineffective for failing to object, and appellate counsel was ineffective for failing to raise the issue.

10. During discovery, the State failed to produce a photograph requested by the defendant that showed bite marks on his arm. Trial counsel was ineffective for failing to raise this issue in his posttrial motion, and appellate counsel was ineffective for failing to raise it on direct appeal.

11. Trial counsel was ineffective for failing to inform the court of the precise number of times the defendant had been questioned by the police prior to his arrest, and appellate counsel was ineffective for failing to raise this issue on direct appeal.

On September 8, 2005, the postconviction court dismissed the petition as "frivolous and patently without merit" (see 725 ILCS 5/122-2.1(a)(2) (West 2004)), finding that all 11 claims could have been raised on direct appeal and were therefore barred by *res judicata* or waiver. The defendant appealed this ruling on September 19, 2005. The two appeals have been consolidated.

The Post-Conviction Hearing Act provides a procedure to allow an incarcerated defendant to show that his conviction resulted from a substantial denial of rights protected by the state or federal constitution. *People v. Coleman*, 183 Ill. 2d 366, 378-79, 701 N.E.2d

4

1063, 1070-71 (1998) (citing 725 ILCS 5/122-1 (West 1994)). The Act provides a three-step process by which to adjudicate those claims. *People v. Hernandez*, 283 Ill. App. 3d 312, 316, 669 N.E.2d 1326, 1329 (1996). At the first stage, the postconviction court is to review the petition and dismiss it if it "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2002); *Hernandez*, 283 Ill. App. 3d at 316, 669 N.E.2d at 1329. If the court does not dismiss the petition at the first stage, the court must appoint counsel, who may then amend the defendant's *pro se* petition, and the State must file either an answer or a motion to dismiss. *Hernandez*, 283 Ill. App. 3d at 316, 669 N.E.2d at 1329; 725 ILCS 5/122-5 (West 2002). If the petition is not dismissed at the second stage, the proceedings move on to the third stage, an evidentiary hearing on the defendant's claims. *Hernandez*, 283 Ill. App. 3d at 316, 669 N.E.2d at 1329; 725 ILCS 5/122-6 (West 2002).

This appeal comes to us after a first-stage dismissal. In order to survive a dismissal at this stage, a *pro se* postconviction petition such as the defendant's need only assert the gist of a constitutional claim. *Coleman*, 183 Ill. 2d at 380 n.2, 701 N.E.2d at 1071 n.2; *People v. Porter*, 122 Ill. 2d 64, 74, 521 N.E.2d 1158, 1161 (1988); *Hernandez*, 283 Ill. App. 3d at 316, 669 N.E.2d at 1329. This standard is a low threshold to meet. *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). The threshold is low because, as a practical matter, requiring more than this would deprive many *pro se* petitioners of their right to meaningful access to courts. *Hernandez*, 283 Ill. App. 3d at 316, 669 N.E.2d at 1329; see also *Porter*, 122 Ill. 2d at 74, 521 N.E.2d at 1161 (" 'While it is obvious that counsel should be better able to more artfully draft a petition than an indigent petitioner unschooled in legal drafting, it is certainly not clear that an indigent petitioner could not present the gist of his claim so that the trial court could make an initial determination as to whether *** the claim is frivolous' " (quoting *People v. Baugh*, 132 Ill. App. 3d 713, 717, 477 N.E.2d 724, 726 (1985))).

5

We agree with the defendant that his petition presented the gist of a constitutional claim. In support of its argument to the contrary, the State first contends that all the defendant's claims are, as the court below found, barred by waiver or *res judicata*. Four claims of error in the petition did not include allegations of ineffective assistance of appellate counsel. The defendant acknowledges this. As the defendant correctly points out, however, if some claims are subject to a dismissal at the first stage while others are not, the entire postconviction petition must be docketed for second-stage proceedings. *People v. Rivera*, 198 Ill. 2d 364, 370-71, 763 N.E.2d 306, 310 (2001). The State does not dispute this point. It argues, however, that the remaining seven counts of the petition could not be saved from waiver by the defendant's allegations of ineffective assistance of appellate counsel because appellate counsel was not ineffective for failing to raise them. This argument is circular, requiring us to look beyond the waiver issue and consider whether counsel was, as alleged, ineffective. We thus cannot affirm the ruling below on the basis of waiver or *res judicata*.

The State next points out that none of the defendant's claims are supported by affidavits as required by statute. See 725 ILCS 5/122-2 (West 2004) (providing that "[t]he petition shall have attached thereto affidavits, records, *or other evidence* supporting its allegations or shall state why the same are not attached" (emphasis added)). This alone may serve as a basis to dismiss the entire petition. *People v. Collins*, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002). The defendant contends, however, that he attached exhibits to the petition and included citations to the record, which is sufficient to meet the statutory requirement. We note that the exhibits attached to the defendant's petition are photocopies of portions of the record. Nevertheless, the claims raised in the petition are claims that can be decided on the basis of the record, and most do include citations to the appropriate portions of the record. The defendant alleges that the claims could not have been raised earlier due to the ineffective assistance of appellate counsel, not due to matters that are

6

outside of the record. We thus reject the State's contention that the petition could have been properly dismissed on the basis of a failure to attach affidavits or other supporting evidence.

Finally, the State argues that each claim, individually, had no merit and that the postconviction court thus properly dismissed the defendant's petition. The State argues, among other things, that (1) Detective Williams's testimony that he saw a bullet hole in the front seat of the car would have weakened the defendant's claim of self-defense by showing that he had shot the driver from behind, (2) trial counsel was not ineffective for failing to object to the allegedly improper statements in the prosecutor's closing arguments because all were based on reasonable inferences that could be drawn from the evidence, (3) the defendant was not prejudiced by Detective Lammers's testimony about the photograph showing there were no bushes where the Acura approached the defendant because when the defendant testified at the trial he abandoned his story of being kidnaped while hiding in the bushes, (4) the inconsistencies in the officers' testimony do not come "anywhere near" proving that the State knowingly used false testimony, and (5) the photograph of the bite marks would not have helped the defendant prove he had shot the victims in self-defense because a bite is not deadly force.

We need not consider these arguments. We agree with the defendant that they are the types of arguments the Post-Conviction Hearing Act contemplates will be argued to the trial court at the second stage of the procedure, at which time the defendant will have the benefit of counsel to respond to them. The Act does not contemplate that the State will file any type of responsive pleading at the first stage. *Coleman*, 183 Ill. 2d at 379, 701 N.E.2d at 1071. Thus, a defendant has no opportunity to respond to this type of argument. See *Gaultney*, 174 Ill. 2d at 418, 675 N.E.2d at 106 (explaining that, at the first stage, courts consider postconviction petitions "without any input from either side").

The defendant argues, therefore, that the State should not be permitted to make the

arguments it does because it would not have the opportunity to raise them in the postconviction court at the first stage. See *Gaultney*, 174 Ill. 2d at 419, 675 N.E.2d at 107 (noting that a reversal of a first-stage dismissal "is *required* where the record shows that the [postconviction] court sought or relied on input from the State" (emphasis added)). This is a question we need not resolve. The defendant acknowledges that the State may contend on appeal that the allegations raised in a postconviction petition are frivolous and patently without merit on their face, while the State acknowledges that its arguments are limited to this standard. The relevant question, then, is whether the State's arguments are, in fact, addressed to this standard. As we have already stated, we find that they are not. A petition should *only* be dismissed at the first stage if " 'a quick look at the record' " shows that the allegations in it are " '*absolutely* untrue' " or without merit. (Emphasis added by the *Rivera* court.) *Rivera*, 198 Ill. 2d at 373, 763 N.E.2d at 311 (quoting 83d Ill. Gen. Assem., House Proceedings, June 21, 1983, at 89 (statements of Representative Johnson)). The State's arguments with respect to many of the defendant's individual claims require us to go beyond a "quick look" at the record. Although we note that some of the claims may be deemed frivolous or patently without merit on their face, we reiterate that the petition may not be partially dismissed at the first stage. We thus conclude that at the first stage the petition could not properly be dismissed as frivolous or patently without merit.

For the foregoing reasons, we reverse the decision of the court dismissing the defendant's postconviction petition. We remand for further proceedings.


Reversed; cause remanded.


GOLDENHERSH and STEWART, JJ., concur.


8

NOS. 5-05-0461 & 5-05-0620

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the |
| ) | Circuit Court of |
| Plaintiff-Appellee, ) | St. Clair County. |
| ) | |
| v. ) | No. 99-CF-995 |
| ) | |
| COREY JOHNSON, ) | Honorable |
| ) | Annette A. Eckert, |
| Defendant-Appellant. ) | Judge, presiding. |

**Opinion Filed**: November 5, 2007

**Justices**: Honorable Melissa A. Chapman, J.,

Honorable Richard P. Goldenhersh, J.,
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys for Appellant**  Charles M. Schiedel, Deputy Defender, Allen H. Andrews, Assistant Appellate Defender, Office of the State Appellate Defender, Supreme Court Unit, 400 W. Monroe, Suite 303, P. O. Box 5240, Springfield, IL 62705-5240

**Attorneys for Appellee**  Hon. Robert Haida, State's Attorney, St. Clair County, 10 Public Square, Belleville, IL 62220; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Kevin D. Sweeney, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864