NOTICE

Decision filed 02/06/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170232-U

NO. 5-17-0232

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 08-CF-471 |
| | ) | |
| BENNY LEE WILSON, | ) | Honorable |
| | ) | Jennifer L. Hightower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the first-stage dismissal of the defendant's *pro se* postconviction petition, and remand for appointment of counsel and further proceedings. The petition meets the very low standard of stating the gist of a constitutional claim.

¶ 2    The defendant, Benny Lee Wilson, appeals the summary dismissal, at the first stage of proceedings, of his petition for postconviction relief. For the following reasons, we reverse the dismissal and remand for appointment of counsel and further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4    On March 29, 2010, the defendant, who was then 18 years old, entered an open plea of guilty to a charge of first degree murder based upon the defendant's role as a participant in a murder that occurred in 2008, when the defendant was 16 years old. On April 15, 2011, following a sentencing hearing, the defendant was sentenced to 30 years in prison. The

1

defendant's direct appeal was not successful. See *People v. Wilson*, No. 5-11-0304 (2012) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On April 5, 2017, the defendant filed, *pro se*, a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Therein, the defendant alleged, *inter alia*, that his 30-year sentence violated his constitutional rights because the sentencing judge failed to consider the defendant's youth and its attendant characteristics when fashioning the defendant's sentence. In particular, the defendant's petition alleged, on its first page, violations of "federal and state due process, the eighth amendment, and the proportionate penalties clause of the Illinois constitution." He asked for a new sentencing hearing in which he would be sentenced only after an "individualized assessment of him in light of his youth" at the time of the crime. On May 16, 2017, the trial court entered an order in which it found that the defendant's postconviction petition was without merit and dismissed it. This timely appeal followed.

¶ 5                                    II. ANALYSIS

¶ 6     On appeal, the defendant contends his petition was sufficient to survive a first-stage dismissal. The defendant's sole argument on appeal is that "he alleged the gist of a meritorious claim where he argued that his youth should have been considered at sentencing[,] and requested a new sentencing hearing on this basis." This court reviews *de novo* the first-stage, or summary, dismissal of a petition for postconviction relief. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage of proceedings on such a petition, a defendant "need only present a limited amount of detail in the petition." *Id*. As the *Hodges* court noted, "[b]ecause most petitions are drafted at this stage by defendants with little legal knowledge or training," reviewing courts will view "the threshold for survival as low." *Id*. A defendant need only state the "gist" of a constitutional argument, a requirement that is met if a defendant alleges "enough facts to make out a claim that

2

is arguably constitutional for purposes of invoking the Act," even if the petition as drafted at the first stage "lacks formal legal arguments or citations to legal authority." *Id*. The trial court may dismiss a petition at the first stage as "frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Id*. at 11-12. Moreover, "[w]here defendants are acting *pro se*, courts should review their [first-stage] petitions 'with a lenient eye, allowing borderline cases to proceed.' " *Id*. at 21 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)).

¶ 7     In response to the defendant's contention on appeal, the State counters that (1) the petition's eighth amendment federal allegations lack legal merit in light of the Illinois Supreme Court's recent decision in *People v. Buffer*, 2019 IL 122327, and (2) the petition does not raise a claim that the defendant's "sentence violated Illinois's proportionate penalties clause, and thus this claim has been forfeited on appeal." With regard to the latter contention, the State also attempts, in the alternative, to rebut the defendant's proportionate penalties clause claim on its legal merits. In reply to the State's contentions, the defendant argues that (1) for federal eighth amendment purposes, *Buffer* does not support the summary dismissal of the petition, in part because *Buffer* involved a sentence following a jury trial, whereas this case involves a guilty plea, and (2) the petition did in fact—albeit perhaps inartfully—raise a claim under the proportionate penalties clause of the Illinois Constitution, and that at this point in the proceedings, the defendant is required only to raise the claim, not prove it.

¶ 8     We agree with the defendant's latter contention, which is enough to advance the entire petition to the second stage of proceedings. See, *e.g.*, *People v. Johnson*, 377 Ill. App. 3d 854, 858, 860 (2007) (if any claims in petition not subject to summary dismissal, entire petition must be docketed for second-stage proceedings); see also, *e.g.*, *People v. Henderson*, 2014 IL App (2d) 121219, ¶ 41 (same). It is true, as the State contends, that in his petition, the defendant alleges that the legal basis of his argument is the unconstitutionality of the mandatory transfer

3

provisions of the Juvenile Court Act. In light of the defendant's *pro se* status at this stage, the defendant's inartful framing of his contentions is not surprising. Nevertheless, the defendant clearly and repeatedly alleges that he was sentenced without proper consideration of his youth and its attendant circumstances at the time of the crime, and specifically cites both the eighth amendment to the U.S. Constitution and the proportionate penalties clause of the Illinois Constitution. Moreover, the State does not contend the defendant's factual allegations regarding the circumstances of his sentencing are positively rebutted by the record in this case. Thus, in light of the very low standard necessary to survive a first-stage dismissal, we conclude that the defendant's petition states the gist of a constitutional claim, because it has an arguable basis in fact and law. At this point, of course, the defendant has not fully developed his arguments. If, after consultation with appointed counsel at the trial court level on remand, the defendant wishes to persist in his claims, he should have the opportunity to file an amended petition (see, *e.g.*, *People v. Boclair*, 202 Ill. 2d 89, 100 (2002)), and the State should have the opportunity to respond thereto.

¶ 9                                    III. CONCLUSION

¶ 10     For the foregoing reasons, we reverse the first-stage dismissal of the defendant's petition for postconviction relief, and remand for appointment of counsel to represent the defendant, and for further proceedings.


¶ 11     Reversed and remanded.

4