NOTICE

Decision filed 11/18/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180329-U

NO. 5-18-0329

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 11-CF-1887 |
| | ) | |
| RAMOS SANDERS, | ) | Honorable |
| | ) | Stephen P. McGlynn, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Welch and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Because the defendant is correct that the circuit court erred when it summarily dismissed the defendant's petition for postconviction relief at the first stage of proceedings, we reverse the order of the circuit court of St. Clair County and remand for the appointment of counsel for the defendant, and for further proceedings on the defendant's petition.

¶ 2    The defendant, Ramos Sanders, appeals the first-stage, or summary, dismissal of his petition for postconviction relief. For the following reasons, we reverse the order of the circuit court of St. Clair County and remand for the appointment of counsel for the defendant, and for further proceedings on the defendant's petition.

1

¶ 3                                    I. BACKGROUND

¶ 4      The defendant was convicted, following a jury trial, of one count of first-degree murder for the defendant's role in the killing of Edward Austin. The jury also found that the defendant was armed with a firearm during the commission of the murder. Following a sentencing hearing, the defendant was sentenced to a term of imprisonment of 50 years: 35 years for first-degree murder and a 15-year enhancement for committing the offense while armed with a firearm. In his direct appeal from that conviction and sentence, the defendant claimed that his conviction must be reversed because: (1) the offense of home invasion did not properly serve as the predicate felony for his murder conviction, (2) he was denied a fair trial by the trial judge's ruling that the defendant could not cross-examine a witness about the sentencing range the witness would have faced if the witness had been charged with murder in this case, and because the State was permitted to "invoke sympathy and inflame the passions of the jury" by eliciting testimony about "the personal character of the deceased and evidence that the deceased left a surviving family," and (3) he received ineffective assistance of counsel because his counsel failed to request an accomplice-witness instruction regarding the same witness's testimony, and an independent felonious purpose instruction with respect to the offense of felony murder. See *People v. Sanders*, 2016 IL App (5th) 140158-U, ¶ 30. We found each of the defendant's claims to be without merit and affirmed his conviction and sentence. *Id.* ¶¶ 31-54.

¶ 5      Thereafter, the defendant filed, *pro se*, a postconviction petition in which he raised claims of, *inter alia*, ineffective assistance of trial counsel and appellate counsel. With regard to ineffective assistance of counsel, the defendant's claims related to the failure of trial counsel and appellate counsel (in the defendant's direct appeal) to take issue with, *inter alia*, (1) the admission of certain shoe and clothing evidence, for which the defendant contended no adequate foundation for admission at trial existed, (2) a gunshot residue test that the defendant contended violated his

fourth amendment rights (because it constituted an illegal search to which he did not consent) and his fifth amendment rights (because it was conducted after he had requested the presence of an attorney and invoked his right to remain silent), and (3) the constitutionality of his 50-year sentence.

¶ 6   Because the judge who presided over the defendant's jury trial was no longer on the bench, a new judge was assigned to the case. On May 22, 2018, the new trial judge entered a written order in which he summarily dismissed the postconviction petition at the first stage of proceedings. In the written order, the trial judge stated that "all issues raised were previously addressed by [the] Appellate Court except claim of ineffective assistance of counsel for failing to object to inadequate foundation for the admission of shoe and clothing evidence[,] and gun residue test over his objection." The trial judge then stated that "[f]ailure to object to foundation for admission of shoe and clothes evidence does not rise to level of ineffective assistance of counsel as defined in *Strickland v. Washington*." He then stated that "[t]he warrantless search of the gun powder residue on [d]efendant's hands was not an illegal search even though [d]efendant demanded a warrant be issued first as evidence could have been destroyed or compromised before a warrant could be secured." This timely appeal followed.

¶ 7                                II. ANALYSIS

¶ 8   This court reviews *de novo* the first-stage, or summary, dismissal of a petition for postconviction relief. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage of proceedings on such a petition, a defendant "need only present a limited amount of detail in the petition." *Id*. As the *Hodges* court noted, "[b]ecause most petitions are drafted at this stage by defendants with little legal knowledge or training," reviewing courts will view "the threshold for survival as low." *Id*. A defendant need only state the "gist" of a constitutional argument, a requirement that is met if a defendant alleges "enough facts to make out a claim that is arguably constitutional for purposes

3

of invoking the [Post-Conviction Hearing] Act," even if the petition as drafted at the first stage "lacks formal legal arguments or citations to legal authority." *Id*. The trial court may dismiss a petition at the first stage as "frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Id*. at 11-12. Moreover, "[w]here defendants are acting *pro se*, courts should review their [first-stage] petitions 'with a lenient eye, allowing borderline cases to proceed.' " *Id*. at 21 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)). Claims of ineffective assistance of counsel may not be dismissed at the first stage of proceedings " 'if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced.' " (Emphases in original.) *People v. Tate*, 2012 IL 112214, ¶ 19 (quoting *Hodges*, 234 Ill. 2d at 17). In other words, there is no requirement that a defendant "demonstrate" or "prove" the defendant's ineffective assistance of counsel claim at the first stage of proceedings; instead, "first-stage postconviction petitions alleging ineffective assistance of counsel are judged by a lower pleading standard." *Id.* ¶¶ 19-20.

¶ 9     The defendant in this case points out in his opening brief on appeal that in his *pro se* petition, he claimed, *inter alia*, that he received ineffective assistance of trial counsel and appellate counsel where both counsel failed to object to, *inter alia*, (1) a gunshot residue test purportedly conducted in violation of the defendant's fifth amendment rights, and (2) the constitutionality of his 50-year sentence. The State does not respond to these two claims at all in its brief in this appeal. Moreover, as the defendant aptly notes, not only did the trial judge not address these two claims at all in his written order summarily dismissing the petition at the first stage of proceedings,[1] but the trial judge stated, erroneously, that all issues raised in the petition that were not addressed in

---

[1]As described above, the trial judge did address the defendant's ineffective assistance of counsel claim with regard to the gunshot residue test and the defendant's fourth amendment rights.

4

his dismissal order had already been considered and rejected by this court. In fact, the defendant's two unaddressed claims were not raised on direct appeal and therefore were not rejected by this court. See *Sanders*, 2016 IL App (5th) 140158-U. To the contrary, they have not been addressed by any court at all. In light of the low threshold, discussed in detail above, necessary for a defendant's *pro se* allegation in a postconviction petition to state the gist of a constitutional claim, and thus to survive a first-stage dismissal—and in light of the fact, also discussed above, that at the first stage a defendant need not *prove* the defendant's ineffective assistance of counsel claim— we conclude that the two claims that both the trial court and the State have failed to address do in fact state the gist of constitutional arguments, and therefore are sufficient to survive a first-stage summary dismissal.

¶ 10     Likewise, although it is not entirely clear what the trial judge meant by his somewhat-inscrutable statement that "[f]ailure to object to foundation for admission of shoe and clothes evidence does not rise to level of ineffective assistance of counsel as defined in *Strickland v. Washington*," we note again that claims of ineffective assistance of counsel may not be dismissed at the first stage " 'if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced.' " (Emphases in original.) *Tate*, 2012 IL 112214, ¶ 19 (quoting *Hodges*, 234 Ill. 2d at 17). In other words, in contrast to the requirements of *Strickland v. Washington*, there is no requirement at the first stage of proceedings on a postconviction proceeding that a defendant "demonstrate" or "prove" the defendant's ineffective assistance of counsel claim; instead, "first-stage postconviction petitions alleging ineffective assistance of counsel are judged by a lower pleading standard." *Id.* ¶¶ 19-20. Moreover, the defendant is correct in his assertion of the general principle of law that the failure to object to the admission of evidence may, under certain circumstances, constitute ineffective assistance of counsel. See, *e.g.*, *People v. Fillyaw*, 409 Ill. App. 3d 302, 315 (2011) ("The

constitutional guarantee of effective assistance of counsel requires a criminal defense attorney to use the applicable rules of evidence to shield his client from a trial based upon unreliable evidence."). In this case, we agree with the defendant that, with regard to his *pro se* claim on this point, it is at least *arguable* that his counsel's performance fell below an objective standard of reasonableness, and it is at least *arguable* that the defendant was prejudiced as a result. Thus, to the extent the trial judge held the petition to a higher, incorrect standard at the first stage of proceedings, the trial judge erred in doing so. See *Tate*, 2012 IL 112214, ¶¶ 19-20.

¶ 11 For these reasons, we agree with the defendant that summary dismissal of the petition was improper. As a result, the entire petition must advance to the second stage of proceedings. See, *e.g.*, *People v. Johnson*, 377 Ill. App. 3d 854, 858, 860 (2007) (if *any* claims in a postconviction petition are not subject to summary dismissal, the entire petition must be docketed for second-stage proceedings); see also, *e.g.*, *People v. Henderson*, 2014 IL App (2d) 121219, ¶ 41 (same). At this point, of course, the defendant has not fully developed his arguments. If, after consultation with appointed counsel at the trial court level on remand, the defendant wishes to persist in his claims, he should have the opportunity to file an amended petition (see, *e.g.*, *People v. Boclair*, 202 Ill. 2d 89, 100 (2002)), and the State should have the opportunity to respond thereto.

¶ 12 For purposes of clarity with regard to future trial court proceedings in this case, we also note that the defendant is correct in his assertion in this appeal that in his previous appeal this court was not asked to find, and in fact did not find, that a sufficient foundation had been laid by the State for the admission into evidence of a pair of tennis shoes allegedly worn by the defendant at the time of the murder. Our statement in our previous order that Illinois State Police Special Agent Jamie Brunnworth "authenticated the shoes that were recovered from the defendant at the [police] station" (see *Sanders*, 2016 IL App (5th) 140158-U, ¶ 7) was, as the defendant contends in this appeal, found in the "facts" section of our previous order, and was therefore merely part of our

6

narrative summary of Brunnworth's testimony at trial, not a legal analysis of the sufficiency of her testimony with regard to laying a foundation for the admission of the shoes as evidence—an issue that, we reiterate, was not before this court in the defendant's direct appeal. See *id*. ¶ 30.

¶ 13                                III. CONCLUSION

¶ 14    For the foregoing reasons, we reverse the order of the circuit court of St. Clair County and remand for the appointment of counsel for the defendant, and for further proceedings on the defendant's petition.

¶ 15    Reversed and remanded.